RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____ 7-28-05

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEVERLY NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| ALVARO NUNES, JOHN D. AND ANN M. | ) | |
| CREEDEN, MASSACHUSETTS | ) | 05  11585 GAO |
| DEPARTMENT OF REVENUE, INTERNAL | ) | |
| REVENUE SERVICE, DANIEL J. CREEDEN, | ) | |
| AND NORMITA SNOW CREEDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The defendant United States of America, by its attorney, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, respectfully states as follows:

1. The United States of America has been named as a defendant to the civil action that is

now pending in the Superior Court Department, Essex County, for the Commonwealth of

Massachusetts, entitled Beverly National Bank v. Alvaro Nunes, et al., Case No. 05-0794-D.

2. This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § § 1441, 1442 and/or 1444.

3. No prior removal of this action has been attempted.

- 2 -

4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the

United States has thirty days from the date of service to remove to federal court. The United

States has yet to be properly served.[1]

5. Copies of all pleadings received by the defendant United States in this proceeding are

attached hereto.

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

__July___28, 2005_____

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210
(617) 748-3282

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

---

[1] The United States Attorney's Office in Massachusetts was not served with a copy of the
complaint as required by 28 U.S.C. § 2410(b).

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.   05-794D

<div style="writing-mode: vertical-lr">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

............................ Beverly National Bank ........................................, Plaintiff(s)

*v.*

............................ Alvaro Nunes, et al ..............................., Defendant(s)

## SUMMONS

To the above named Defendant: Internal Revenue Service

You are hereby summoned and required to serve upon _____ Robert L. Marder _____,

plaintiff's attorney, whose address is 85 Exchange Street, Suite L10, Lynn, Ma. 01901 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ Lawrence _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, ▓▓▓▓▓▓▓▓O, Esquire, at Salem, the

16th    day of    May    , in the year of our Lord two thousand five

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2005-00794-D**

RE:  **Beverly National Bank v Nunes et al**

TO:Robert L Marder, Esquire
    85 Exchange Street
    The Edison Suite L10
    Lynn, MA 01901

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

| Service of process made and return filed with the Court | 08/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/09/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/09/2005 |
| All motions under MRCP 15 filed | 10/09/2005 |
| All discovery requests and depositions completed | 03/08/2006 |
| All motions under MRCP 56 served and heard | 04/07/2006 |
| Final pre-trial conference held and firm trial date set | 05/07/2006 |
| Case disposed | 07/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session D sitting in **CtRm 2 (Lawrence) at Essex Superior Court.**

Dated: 05/16/2005

Thomas H. Driscoll Jr.
Clerk of the Courts
BY: Philip Massa
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Beverly National Bank | Alvara Nunes, et al |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-592-8154 Robert L. Marder 85 Exchange Street, Suite L10, Lynn, Ma. 01901 Board of Bar Overseers number: 319600 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Interpleader | (F) | ( ) Yes    (xx) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
        Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)
        $. . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)



        $. . . . . . . . . . .
        TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Plaintiff foreclosed on real property and after satisfaction of its debt has $104,423.81 in excess funds for distribution to subordinate lien holders of record. Plaintiff seeks to Interplead excess funds and to have Court declare how same should be paid.

TOTAL $. 104,423.81.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/11/05

ACTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                         SALEM SUPERIOR COURT
                                                   CIVIL ACTION NO.

BEVERLY NATIONAL BANK,                         )
                          Plaintiff            )
                                               )
               vs.                             )
                                               )
ALVARA NUNES, JOHN D. and ANNE M. CREEDEN,     )
MASSACHUSETTS DEPARTMENT OF REVENUE,           )
INTERNAL REVENUE SERVICE, DANIEL J. CREEDEN,   )
NORMITA SNOW CREEDEN,                          )
                          Defendants           )

## COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY RELIEF

### PARTIES

1.     The Plaintiff, Beverly National Bank ("Beverly"), is
a corporation organized in accordance with law and has a principal place of
business at 240 Cabot Street, Beverly, Essex County, Massachusetts.

2.     The Defendant Alvaro Nunes ("Nunes") on information and
belief is a resident of 84 Tremont Street, Peabody, Essex County,
Massachusetts.

3.     The Defendants John D. and Anne M. Creeden on information
and belief are residents of 120 Village Post Road, Danvers, Essex County,
Massachusetts.

4.     The Massachusetts Department of Revenue ("DOR") is
organized in accordance with law and maintains a regular place of operations
at 51 Sleeper Street, Boston, Suffolk County, Massachusetts.

5.     The Internal Revenue Service ("IRS") is a duly constituted
agency of the United States of America and maintains a regular place of
operations at 10 Causeway Street, Room 401, Boston, Suffolk County,
Massachusetts.

Robert L. Marder
Attorney at Law
85 Exchange Street
Suite L10
The Edison
Lynn, Massachusetts 01901

(781) 599-8154
Fax (781) 599-1102

-1-

6.    The Defendant Daniel J. Creeden on information and belief
is a resident of 22 Broadway, Beverly, Essex County, Massachusetts.

7.    The Defendant Normita Snow Creeden on information and
belief is a resident of 63 Main Street, Essex, Essex County, Massachusetts.

## FACTS

8.    On or about October 15, 1998, the Defendants Daniel J.
Creeden and Normita Snow Creeden signed and otherwise executed a Promissory
Note ("Note 1") in the principal sum of $60,000.00 in favor of Beverly.

That on or about March 31, 2003, they also signed and
otherwise executed a Promissory Note ("Note 2") in the principal sum of
$10,600.00 likewise in favor of Beverly.

To secure repayment of Note 1 and Note 2, they granted
Beverly two separate mortgages perfected against property known and otherwise
numbered Unit 1, United Merchants Condominium, 284 Cabot Street, Beverly,
Essex County ("Mortgaged Premises"). True and accurate copies of the
Mortgage(s) recorded with the Essex County (Southern District) Registry of
Deeds at Book 15160, Page 345 and Book 20486, Page 219 are attached hereto
and collectively marked Exhibit 1.

9.    On or about October 28, 1999, the Defendants Daniel J.
Creeden and Normita Snow Creeden signed and otherwise executed in favor of
Beverly, a business Overdraft Protection Agreement ("Overdraft") in the
principal sum of $5,000.00. All amounts due under the Overdraft were secured
by both mortgages by virtue of specific provisions contained in each which
provided the instruments also secured all other indebtedness owed by the
Defendants to the Bank.

10.    On or about January 13, 2005, Beverly filed a Complaint
with the Land Court under Case No. 304907 seeking to foreclose its first
Mortgage based on a monetary default.

11.    On or about January 31, 2005, Beverly caused to be served
on all parties of record which/who had a lien perfected against the Mortgaged
Premises a notice pursuant to G.L. c. 244, §14 indicating its intent to cause

Robert L. Marder
Attorney at Law
65 Exchange Street
Suite 510
The Edison
Lynn, Massachusetts 01901

(781) 592-8154
Fax: (781) 599-1102

-2-

the Mortgaged Premises to be sold at public auction in accordance with law on March 23, 2005 at 10:00 a.m.  Notice to the Internal Revenue Service pursuant to 26 U.S.C. §7425 was given on February 22, 2005.

12.   On March 8, 2005, Judgment authorizing Foreclosure of the Mortgage issued from the Land Court. A true and accurate copy of that Judgment is attached hereto and is marked Exhibit 2.

13.   That Beverly engaged the services of Paul Saperstein & Company of Holbrook, a licensed auctioneer, to conduct the sale at public auction and to cause commercial notice(s) of the same to be published inter alia in the Boston Sunday Globe, Boston Sunday Herald, Salem News and the Community News in order to attract the greatest number of persons possible to bid at the sale. In addition, advertising was done on the auctioneer's web site and separate notices were mailed to potential interested parties maintained in the "historical files" of the auctioneer.

14.   That on March 23, 2005, Beverly made Entry upon and Caused the Mortgaged Premises to be sold at public auction to Nikita Paras or his Nominee, 256 Cabot Street, Beverly, for the sum of $196,000.00, the bid being the highest made at the auction. The bid was subject to approximately $3,534.61 in past due real estate taxes and other municipal charges assessed against the Mortgaged Premises as well as $1,449.29 in past due fees and assessments due the Trustees of United Merchants Condominium.  A copy of the Entry is attached hereto and is marked Exhibit 3.

15.   On April 26, 2005, Beverly delivered a Foreclosure Deed in the form attached hereto and marked Exhibit 4 whereby title to the Mortgaged Premises was transferred to George and Panagiota Paras, the Nominee of Nikita Paras.

16.   Effective on the date the Foreclosure Deed was delivered to the high bidder, Beverly was owed $70,112.70 under Notes 1, 2, and the Overdraft calculated as follows:

Robert L. Marder
Attorney at Law
85 Exchange Street
Suite L10
The Edison
Lynn, Massachusetts 01901

(781) 592-8154
Fax: (781) 599-1102

| | | |
|---|---|---|
| Note 1 | – | $54,380.47 |
| Note 2 | – | 10,501.81 |
| Overdraft | – | 5,230.42 |

-3-

**TOTAL:**    —    $70,112.70

17.   In addition, Beverly has also incurred $21,463.49 in fees,

expenses and costs calculated as follows:

```
Auctioneer                                     —    $10,346.00
Mortgagee's Sale of Real Estate Advertisement  —      1,584.00
Appraisal                                      —      1,450.00
Legal Fees/Costs                               —      8,083.49
```

18.   After satisfaction of all sums owed to it as itemized in

¶¶16-17, Beverly has possession of $104,423.81 ("Excess Proceeds") available

for payment to holders of lien(s) subordinate to the Mortgage.

The same is calculated as follows:

Highest Bid          —  $196,000.00

Amount Due Beverly   —    91,576.19

**Excess**           —  **$104,423.81**

The amount of Excess Proceeds is exclusive of on-going legal fees

and costs associated with maintenance of this action.

### NATURE OF CONTROVERSY

19.   Effective thirty (30) days in advance of the date of the

Foreclosure Sale of the Mortgaged Premises, the following Liens were recorded

at the Essex County (Southern District) Registry of Deeds and were deemed

encumbrances perfected against the Property:

a.   Mortgage in favor of Alvara Nunes dated April 8, 2004 to

secure $55,000.00 as recorded in Book 22640, Page 464.  A copy of the

Mortgage is attached hereto and is marked Exhibit 5;

b.   Mortgage to John D. and Anne M. Creeden dated November 3,

2003 to secure $114,000.00 as recorded in Book 22027, Page 242.  That

Mortgage was subordinated to the Mortgage in favor of Nunes by instrument

recorded with said Registry at Book 22640, Page 462.  A copy of the Mortgage

is attached hereto and is marked Exhibit 6;

c.   Three (3) Massachusetts Tax Liens in favor of the

Department of Revenue.  One in the sum or $22,078.24 recorded at said

Registry at Book 23405, Page 156; one in the sum of $22,688.45 recorded at

Scott L. Marder
Attorney at Law
5 Exchange Street
Suite 210
The Edison
Massachusetts 01904

(781) 583-8154
x (781) 583-1102

—4—

Book 23786, Page 185 and one in the sum of $599.19 recorded at Book 23786, Page 196. Copies of Notices of Lien are attached hereto and are collectively marked Exhibit 7. There appears to be repetition of certain amounts on the first two (2) Notices of Tax Lien referenced above;

d.   Notice of Federal Tax Lien in favor of the Internal Revenue Service dated January 28, 2005 in the sum of $16,734.81 as recorded in Book 23929, Page 302. A Copy of the Tax Lien is attached hereto and is marked Exhibit 8.

20.   On information and belief, an actual controversy exists between certain Defendants regarding priority to the Excess Proceeds based on those lien(s) recorded in their favor as more particularly set forth in ¶19 above.

21.   By reason of those conflicting assertions more particularly referenced in ¶20, Beverly is in great doubt as to which Defendant is entitled to either the entire amount of or a portion of the Excess Proceeds derived from a sale of the Mortgaged Premises.

WHEREFORE, Beverly National Bank requests that this Honorable Court:

1.   Adjudge which Defendant is entitled to the payment of Excess Proceeds described as aforesaid which remain in possession of Beverly National Bank, as more particularly described in the within Complaint;

2.   Order that each Defendant be compelled to appear and prove its claim to the Excess Proceeds;

3.   Allow Beverly to pay into Court the amount of Excess Proceeds as itemized above, to wit: $104,423.81, at which time it be discharged from any further liability to any of the Defendants once such payment has been made;

4.   Award Beverly costs and attorney's fees for institution of this Interpleader action;

5.   Order that this action be Discontinued as to the Plaintiff and/or this action be Dismissed as to the Plaintiff as it merely a stakeholder and has no interest in said surplus funds other than described as above.

bert L. Marder
Attorney at Law
5 Exchange Street
Suite L10
The Edison
. Massachusetts 01901

(781) 582-8154
e: (781) 582-1102

-5-

And for such other Relief as this Honorable Court deems fair and reasonable.

                                    BEVERLY NATIONAL BANK
                                    By its attorney,


                                    ROBERT L. MARDER
                                    85 EXCHANGE STREET
                                    SUITE L10
                                    LYNN, MA. 01901
                                    781-591-8154
                                    BBO# 319600


Dated:  5/11/05

Robert L. Marder
Attorney at Law
85 Exchange Street
Suite L10
The Edison
Lynn, Massachusetts 01901

(781) 592-8154
Fax: (781) 599-1102

-6-

10/15/98  1:22 inst. 539
BK 15160 PG 345

## MORTGAGE AND SECURITY AGREEMENT

Daniel J. Creeden and Normita Snow Creeden, of 22 Broadway
Street, Beverly Massachusetts 01915, hereinafter referred to as
the "Mortgagor", for CONSIDERATION PAID, HEREBY GRANTS to The
Beverly National Bank organized under the laws of the
Commonwealth of Massachusetts, with a principal place of business
240 Cabot Street, Beverly, Massachusetts 01915, hereinafter
referred to as the "Mortgagee", with MORTGAGE COVENANTS, to
secure the payment of Sixty Thousand and 00/100 ($60,000.00)
Dollars on or before October 15, 2003, with interest thereon, as
provided in the Mortgagor's note of even date, hereinafter
referred to as the "Note", to secure the performance of, or
payment to the Mortgagee pursuant to, all covenants and
agreements herein and in said Note contained, and to secure
payment of and performance of all other debts, covenants and
agreements of or by the Mortgagor to or for the benefit of the
Mortgagee now existing or hereafter accruing while this mortgage
is still undischarged of record, the land in Beverly, Essex
County, Commonwealth of Massachusetts all as described in Exhibit
"A" annexed hereto, which is incorporated herein by this
reference, together with any and all improvements now or
hereafter situated thereon.

Also, the Mortgagor hereby grants to the Mortgagee a first
security interest in all equipment (as defined in the Uniform
Commercial Code), appliances, furniture, furnishings and fixtures
now or hereafter placed on the above described premises, or used
in connection therewith, all accounts and contract rights
presently owned or hereafter acquired by the Mortgagor, used in
the construction, operation, maintenance or occupation of the
mortgaged premises, and the proceeds therefrom, and agrees to
execute on demand of the Mortgagee all instruments necessary to
perfect or continue such security interest, and in the event of
default hereunder the Mortgagor hereby grants the Mortgagee full
power and authority as attorney irrevocable of the Mortgagor to
execute, deliver and record and/or file such instruments.  This
Agreement is intended to take effect as a security agreement and
is to be filed with the Essex South District Registry of Deeds in
lieu of a financing statement pursuant to Massachusetts General
Laws Chapter 106, Section 9-402.

Said land, improvements, and fixtures are hereinafter referred to
as the "Premises".

The Mortgagor hereby covenants and agrees to the following as
condition of this mortgage:

(1)  to perform all of the covenants and agreements contained in
     said Note;

Return To = Mortgagee

BK .15160 PG 346

(2)  to comply with all of the conditions and agreements
     contained in the Note, the Loan Agreement between Mortgagor
     and Mortgagee of even date, this Mortgage, or any other
     instrument securing the Note (the "Loan Documents");

(3)  to pay at least ten (10) days before due all taxes, charges
     for water, sewer and other municipal services, and
     assessments, whether or not assessed against the Mortgagor,
     if applicable or related in any way to the Premises, or any
     interest of the Mortgagor, the Mortgagee, or any other
     person or organization therein, or the debt, obligations or
     performance secured hereby, or the disbursement or
     application of the proceeds therefrom, excluding, however,
     any income or corporation excise tax of the Mortgagee, and
     to provide evidence of payment to the Mortgagee within 30
     days of payment; to pay to the Mortgagee on each day that
     payments are required by the terms of the Note secured
     hereby, in addition to the payments of principal and/or
     interest provided in said Note, a sum equal to such fraction
     of the real estate taxes charges, and betterment assessments
     for each year as shall be estimated by the Mortgagee to be
     sufficient for the Mortgagee to provide in the aggregate, a
     sum equal to said taxes, charges and assessments as and when
     they become due and payable, in addition, to pay to the
     Mortgagee any balance necessary to account in full for the
     amount of said taxes, charges and assessments prior to the
     date when they become due and payable; it being understood
     and agreed that such sums shall not bear interest and may be
     commingled with the general assets of the Mortgagee, that
     the Mortgagee shall not be required to account for any
     profits resulting from its use thereof, and that said sums
     are held by the Mortgagee for payment on account of such
     taxes, charges and assessments and/or any other obligations
     of the Mortgagor hereunder; to forward to the Mortgagee
     receipted real estate tax bills within ten (10) days of the
     date payment is due, or, in case tax payments are required
     to be made to the Mortgagee, to forward to the Mortgagee
     real estate tax bills as soon as the same have been received
     by the Mortgagor;

(4)  to notify the Mortgagee of any action which the Mortgagor
     intends to take with respect to the abatement of any
     municipal taxes or assessments and to initiate any such
     abatement action at the request of the Mortgagee.  The
     Mortgagor will advise the Mortgagee as to the status of any
     such action and will not compromise or settle any such
     action without the prior written consent of the Mortgagee.

BK 15160 PG 347

The Mortgagor hereby appoints the Mortgagee as the Mortgagor's attorney in fact, effective after the occurrence of any event which is, or solely with the passage of time would be, an Event of Default hereunder, to initiate, prosecute, obtain, adjust, and settle, any such abatement action and to endorse in favor of the Mortgagee any and all drafts and other instruments with respect thereto. The within appointment, being coupled with an interest, is irrevocable until this Agreement is terminated by a written instrument executed by a duly authorized officer of the Mortgagee. The Mortgagee shall not be liable for any loss sustained on account of any exercise pursuant to said power unless such loss is caused by the willful misconduct and actual bad faith of the Mortgagee. After the occurrence of any event which is, or solely with the passage of time would be, an Event of Default hereunder, the Mortgagee may apply any proceeds of such abatement action against the Mortgagor's obligations under the Loan Documents, whether or not such have matured.

(5)   to keep the Premises insured against fire and all such other casualties and contingencies as the Mortgagee may from time to time require; to deposit at the demand of the Mortgagee all insurance policies or memoranda thereof with the Mortgagee forthwith after the binding of such insurance, and to deliver to the Mortgagee new policies or memoranda thereof for any insurance about to expire at least seven (7) days before such expiration, all such insurance to be first payable in case of loss to the Mortgagee and to be written by such companies, on such terms, in such form, and for such periods and amounts as the Mortgagee shall from time to time designate or approve, and the Mortgagor hereby grants the Mortgagee in the event of a default hereunder full power and authority as attorney irrevocable of the Mortgagor to cancel or transfer such insurance and to retain any premium or proceeds and to apply the same to the debt secured hereby;

(6)   to put, maintain and keep the Premises at all times in as good repair and condition as the same now are or hereafter may be put, damage from casualty expressly not excepted, permitting and suffering no waste or strip of the same to occur, nor any violation of any law, by-law, ordinance, restriction, regulation, order or code affecting the Premises or the use thereof; and not to remove or alter any of the improvements, equipment, appliances, furnishings and fixtures constituting part of the Premises without the consent of the Mortgagee;

02/19/2002  00:52    9789218452          BNB LOAN DEPT                PAGE  31

BK 15160 PG 348

(7)   to occupy the entire Premises, or cause the same to be
      occupied by lessees (which term shall include licensees and
      concessionaires) and to assign and deliver to the Mortgagee
      on demand any or all leases of the Premises or any part
      thereof, or at the Mortgagee's election to assign and
      deliver any or all rents and other income reserved in such
      leases, said assignments to be in form and substance
      satisfactory to the Mortgagee, and the Mortgagor hereby
      grants the Mortgagee full power and authority as attorney in
      fact to make, execute, acknowledge, deliver and record such
      assignments, and not in limitation of the foregoing, to
      provide that after any default by the Mortgagor hereunder or
      under the terms of such assignments, the Mortgagee shall be
      entitled to modify and otherwise deal with all such leases
      with the same power and discretion which the Mortgagee would
      have if it were the lessor thereof, and the Mortgagee shall
      be entitled to collect all of the rents and other income
      reserved in such leases and to apply the same to the debt
      secured hereby, and after foreclosure the Mortgagee shall
      not be liable to account to the Mortgagor for rents or other
      income thereafter accruing, provided, however, that any such
      assignments shall also provide that the Mortgagor may have
      and retain such rents and other income until such default
      occurs; and the Mortgagee shall further have the right to
      subordinate this Mortgage and its rights hereunder to any
      lease or leases of the Premises now or hereafter in force,
      and upon execution and recording of any instruments by the
      Mortgagee which purport to effect such subordination, this
      Mortgage shall be subordinate to the lease or leases
      referred to in such instruments with the same force and
      effect as if such lease or leases had been executed and
      delivered prior to the execution, delivery and recording of
      this Mortgage;

(8)   to observe and perform all the obligations imposed upon the
      Mortgagor under any leases of the Premises, and not to do or
      permit to be done anything which would impair the security
      of such leases to the Mortgagee, nor to cancel or change any
      terms, conditions or covenants of any leases of the Premises
      or any part thereof without the prior written consent of the
      Mortgagee, nor to execute any leases providing for payment
      of rent for more than one month in advance, nor to receive
      rent from all or any part of the Premises for more than one
      month in advance without the prior written consent of the
      Mortgagee, and any such advance rent in excess of one month
      received shall be held by the Mortgagor in trust for the
      benefit of the Mortgagee;

BK 15160 PG 349

(9)  to furnish the Mortgagee, within 90 days of the close of
     Mortgagor's fiscal year, a true and complete statement of
     the annual operating expenses and income of the Premises
     prepared on a review basis by a Certified Public Accountant
     acceptable to the Mortgagee, and financial statements of the
     principal owners and any guarantors, or endorsers, such
     statements to be in form satisfactory to the Mortgagee;

(10) that if the Premises or any part thereof shall be damaged or
     destroyed by fire or other hazard against which insurance is
     held, or if the Premises or any portion thereof shall be
     taken by eminent domain, no settlement on account of any
     loss or damage shall be made without the consent of the
     Mortgagee, and any proceeds from the insurance or damages
     for such taking, as the case may be, shall be paid to the
     Mortgagee, and the Mortgagor hereby irrevocably assigns the
     same to the Mortgagee; the Mortgagee at its discretion may
     either apply such proceeds against the debt secured hereby
     (in which case the Mortgagor's obligations hereunder to
     restore such damage to the Premises as may have been caused
     by such fire, other hazard or taking shall terminate), or
     release such portion of the proceeds to the Mortgagor as is
     necessary to restore the Premises to their prior condition
     insofar as is practicable, upon such terms and conditions as
     the Mortgagee deems appropriate, and apply the balance
     thereof, if any, to the debt secured hereby; provided,
     however, that if any insurer of the Premises denies
     liability, the Mortgagor shall not be relieved of its
     obligation to restore the Premises;

(11) if the Mortgagee shall become involved in any action or
     course of conduct with respect to the Premises, or other
     security for the debt secured hereby, in order to protect
     its interest therein, including without limitation: the
     Mortgagee's commencement and prosecution of foreclosure
     proceedings; its involvement in bankruptcy proceedings
     concerning the Mortgagor; the Mortgagee's entering the
     Premises, care and management thereof; or its defending or
     participation as a party in any action at law or in equity
     brought by the Mortgagor or any other person or organization
     with respect to the Premises (or other security for the debt
     secured hereby), the Mortgagor shall reimburse the Mortgagee
     for all charges, costs and expenses incurred by the
     Mortgagee in connection therewith, including without
     limitation attorneys' fees and an additional reasonable fee
     to compensate the Mortgagee for overhead and personnel
     salaries and wages attributable to undertaking such actions

BK 15160 PG 35C

or conduct;

(12) if the Mortgagor shall default in the performance or
observance of any covenant or agreement herein or in said
Note contained, the Mortgagee may apply toward the debt
secured hereby any deposit, payment or any sum due from the
Mortgagee to the Mortgagor without first enforcing any other
rights of the Mortgagee against the Mortgagor, or against
any endorser or guarantor of the Note secured hereby or
against the Premises;

(13) that at any foreclosure sale of the Premises, the Premises,
and any combination of or all of the other security for the
debt secured hereby, may be offered for sale for one total
price, and the proceeds of such sale may be accounted for in
one account without distinction between the items of
security or without assigning to them any proportion of such
proceeds, the Mortgagor hereby waiving the application of
any doctrine of marshalling; and the Mortgagee may, in the
exercise of the power of sale herein given, sell the
Premises and said other security in parts or parcels, said
sales may be held from time to time, and the power shall not
be fully executed until all of the Premises and said other
security not previously sold shall have been sold; if
surplus proceeds are realized from a foreclosure sale, the
Mortgagee shall not be liable for any interest therein
pending distribution of such proceeds by the Mortgagee;

(14) to notify the Mortgagee promptly of the existence of and the
exact details of any other security interest in the
Premises, now existing or hereafter arising, to make all
payments that become due to any secured party having such
security interests, and at the request of the Mortgagee to
assign to the Mortgagee all its right, title and interest in
and to any and all agreements evidencing such security
interest covering any of said security, and the Mortgagor
hereby grants the Mortgagee full power and authority as
attorney irrevocable of the Mortgagor to make, execute,
acknowledge and deliver such assignments.  The Mortgagor
represents that no security interest presently exists in any
of said security except as has heretofore been disclosed in
writing to the Mortgagee;

(15) that the Mortgagee shall be entitled, but not obligated, to
cure any default of the Mortgagor hereunder, and shall be
reimbursed by the Mortgagor for all costs, charges and
expenses, including without limitation attorneys' fees,
incurred in connection therewith, and that all sums for

Page 6 of 10

02/19/2002  00:52   9789218452                     BNB LOAN DEPT                          PAGE  34

BK 15160 PG 351

which the Mortgagee may be entitled to reimbursement shall
be added to the principal sum of the debt secured hereby,
shall earn interest at the rate set forth in said Note, or
the Note guaranteed by said guaranty, shall be secured by
this Mortgage, and shall be payable on demand of the
Mortgagee, whether or not the remaining principal balance of
said Note or guaranty has been declared due and payable;

(16) in the event the legal or beneficial ownership of said
Premises, or any portion thereof or interest therein,
becomes vested in anyone other than the Mortgagor, upon the
death of, or appointment of a guardian or conservator for,
the Mortgagor or any guarantors or endorsers (other than an
endorser without recourse of the Note secured hereby), the
entire Mortgage debt shall, at the option of the Mortgagee,
become due and payable on demand, provided however, that the
Mortgagee may, without notice to the Mortgagor, deal with
the Mortgagor's successor or successors in interest with
reference to the Mortgage and the debt secured hereby in the
same manner as with the Mortgagor without in any way
vitiating or discharging the Mortgagor's liability or
obligations with respect to the Mortgage or the debt secured
hereby.  No sale of the Premises hereby mortgaged and no
forbearance on the part of the Mortgagee or extension of the
time for the payment of the debt secured hereby or any other
indulgence given by the Mortgagee shall operate to release,
discharge, modify, change or affect the original liability
of the Mortgagor, nor the priority of this Mortgage either
in whole or in part;

(17) that the Mortgagor shall not:

   (a)  create or permit to be created any encumbrance to
        attach to the Premises (except for the payment of real
        estate taxes and betterment assessments prior to the
        commencement of interest and penalties thereon), and if
        such encumbrance is attached upon the Premises without
        the consent of the Mortgagor, to discharge the same
        within thirty (30) days of the date of such attachment;

   (b)  terminate or dissolve or permit the termination or
        dissolution of the Mortgagor;

   (c)  file a petition or application under any state or
        federal bankruptcy, insolvency or debtor's relief law,
        nor consent to an assignment or composition for the
        benefit of the Mortgagor's creditors, nor consent to
        appointment of a receiver for any of the Mortgagor's

BK 15160 PG 352

property; if such petition, application or receivership proceedings are instituted against the Mortgagor by any third party or parties, the Mortgagor shall not permit the same to remain undischarged for more than twenty-five (25) days after the commencement thereof;

(18) if this Mortgage is at any time subject or subordinate to another mortgage, the Mortgagor shall not modify, amend, or extend such prior mortgage, or the debt or other obligation secured thereby, without the consent of the Mortgagee; any default under said prior mortgage or the obligations secured thereby shall be a default hereunder, and the Mortgagee shall be entitled but not obligated to cure said default, as provided in Paragraph 15 hereof; and

(19) any notice demand or other communication form the Mortgagee to the Mortgagor shall be deemed satisfactorily given by depositing the same in writing in the United States Mail by postage prepaid, registered or certified mail, addressed to the Mortgagor (or any one of them if there be more than one) at the Mortgagor's latest address in the mortgage records maintained by the Mortgagee.

The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this mortgage:

    (a)   failure by Mortgagor to make any payment due under the Note within twenty (20) days after the date such payment is due;

    (b)   failure by Mortgagor to make any payment due Mortgagee under this or any loan Document other than the Note which failure continues for thirty (30) days after notice to Borrower;

    (c)   failure by Mortgagor to perform or observe any term, covenant or condition (other than with respect to payment) of the Note, this Mortgage, or any Loan Document, which failure continues for ten (10) days after written notice to Mortgagor, or, if such failure cannot be cured within ten (10) days, Mortgagor shall fail promptly to commence and thereafter diligently to complete such cure.

Upon an Event of Default and the giving of written notice if notice is required by the Loan Documents, the Mortgagee may

BK 15160 PG 35

declare the entire Mortgage debt due and payable, and the
Mortgage debt shall thereupon become and be immediately due and
payable, without presentment, or further demand notice of any
kind, which further presentment, demand or notice are expressly
hereby waived by Mortgagor, and Mortgagee shall have the
STATUTORY POWER OF SALE hereinafter provided.

Any breach in the covenants, conditions or agreements
contained in this Mortgage or in any instrument given in
connection with the Note any debt secured hereby, or in any other
mortgage, debt or obligation of or from the Mortgagor to the
Mortgagee shall constitute a default hereunder, and if such
default shall exist for more than thirty (30) days, the entire
debt secured hereby, together will all prepayment penalties to
which the Mortgagee would be entitled under said Note or by law
if said Note were prepaid in full at the end of said thirty-day
period, shall become due and payable at the option of the
Mortgagee, and the Mortgagee shall have the STATUTORY POWER OF
SALE as hereinafter provided.

In case any provision of said Note, this Mortgage, or any
instrument executed by any person or organization in connection
therewith shall be found unenforceable or invalid for any reason,
the enforcement of any other provision hereof shall not be
impaired thereby, and such provision shall be deemed modified to
the extent necessary to be enforceable, or if such modification
is not practicable, shall be deleted from this Mortgage.

Extension of the time for payment or modification of
amortization of the sums secured by this Security Instrument
granted by Mortgagee to any successor in interest of Mortgagors
shall not operate to release the liability of the original
Mortgagors or Mortgagors' successors in interest. Mortgagee shall
not be required to commence proceedings against any successor in
interest or refuse to extend time for payment or otherwise modify
amortization of the sums secured by this Security Instrument by
reason of any demand made by the original Mortgagors or
Mortgagors' successor in interest.  Any forbearance by Mortgagee
in exercising any right or remedy shall not be a waiver of or
preclude the exercise of any other right or remedy.

This mortgage is upon the STATUTORY CONDITION and upon the
further condition that all covenants and agreements of the
Mortgagor in said Note, this Mortgage, and other instruments
executed in connection therewith and in all other mortgages,
debts and obligations of or from the Mortgagor to the Mortgagee
shall be kept and fully performed, and upon any breach of the
same Mortgagee shall have the STATUTORY POWER OF SALE and any

# CONDOMINIUM RIDER

BK 15160 PG 354.1

THIS CONDOMINIUM RIDER is made this 15th day of October, 1999, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to Beverly National Bank (the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

284 Cabot Street, Beverly, Massachusetts 01915
[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:

United Merchants Condominium
[Name of Condominium Project]

(the "Condominium Project"). If the owners association or other entity which acts for the Condominium Project (the "Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

CONDOMINIUM COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. Condominium Obligations. Borrower shall perform all of Borrower's obligations under the Condominium Project's Constituent Documents. The "Constituent Documents" are the: (i) Declaration or any other document which creates the Condominium Project; (ii) by-laws; (iii) code of regulations; and (iv) other equivalent documents. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium Project which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

(i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

(ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage.

In the event of distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. Public Liability Insurance. Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. Condemnation. The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 10.

E. Lender's Prior Consent. Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of taking by condemnation or eminent domain;

(ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association; or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. Remedies. If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____
Daniel J. Creeden

_____
Normita Snow Creeden

BK 15160 PG 354

other powers given by statute.

The word "Mortgagor" as used herein means the Mortgagor named herein, whether one or several, and also means any subsequent owner or owners of the equity of redemption of the Premises, and all of the covenants and agreements of the Mortgagor herein contained shall be binding upon the Mortgagor, its heirs, executors, administrators, successors and assigns and shall be joint and several if more than one person constitutes the Mortgagor.  The word "Mortgagee" as used herein means the Mortgagee named herein and any subsequent holder or holders of this Mortgage.

WITNESS the execution hereof under this seal this 15th day of October, 1998.

_____          _____
Daniel J. Creeden                   Normita Snow Creeden

### COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                          October 15, 1998

Then personally appeared the above-named Daniel J. Creeden and Normita Snow Creeden, and acknowledged the foregoing instrument to be their free act and deed, before me,

_____
Richard W. Stafford, Esq.
Notary Public
My Commission Expires:
May 21, 2004

CreedenMSA

Page 10 of 10

BK 15160 PG 354.2

## Exhibit A - Property Description

**Property
Address:**                    284 Cabot Street, Beverly, Massachusetts 01915

All that certain premises and proportionate interest in United Merchants Condominium situated in Beverly, Essex County, Massachusetts, having an address of 284 Cabot Street, more particularly described as follows:

Unit 1 of United Merchants Condominium established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated January 23, 1986 and recorded with the Essex South District Registry of Deeds at Book 8092, Page 304, together with an undivided 8.3% in the common areas and facilities of the Condominium.

For Mortgagors' title see deed from Lynne Wolf recorded herewith.





## MORTGAGE, SECURITY AGREEMENT AND ASSIGNMENT

Unit 1 of the United Merchants Condominium
Beverly, Massachusetts

| | |
|---|---|
| Borrower: | Daniel J. Creeden, with an address of 22 Broadway, Beverly, Massachusetts 01915, and Normita Snow Creeden with an address of P.O. Box 665, Essex, Massachusetts 01929 (together, the "Borrower") |
| Principal: | Ten Thousand Six Hundred and 00/100 Dollars ($10,600.00) |
| Note: | That certain Commercial Promissory Note of even date herewith from the Borrower as maker, to the Lender, as payee, in the Principal sum. |
| Loan Documents: | The Note as it may be amended, extended or renewed, and any mortgage, security agreement, assignment of leases and rents, loan agreement or other agreement heretofore, now or hereafter executed to secure, or entered into otherwise in connection with, the indebtedness evidenced by the Note. |
| Mortgaged Property: | the premises known as Unit 1 of the United Merchants Condominium created by Master Deed dated January 23, 1986 and recorded with the Essex South District Registry of Deeds, Book 8092, Page 304, as amended, and more particularly described in Exhibit A attached hereto and incorporated herein. |

### 1.     Mortgage.

For valuable consideration paid, the Borrower grants to Beverly National Bank, a national bank with offices at 240 Cabot Street, Beverly, Massachusetts 01915 (with its successor and assigns, the "Lender"), WITH MORTGAGE COVENANTS, the Mortgaged Property, including all the tenements, and appurtenances and the rents, income and profits thereof, to secure: payment of the Principal, with interest and all other charges evidenced by the Note, as the same may be amended, renewed or extended; payment of all other sums becoming due and payable to the Lender under this Mortgage, Security Agreement and Assignment and all other Loan Documents; payment and performance of all obligations, covenants and agreements of the Borrower to the Lender contained in the Note and all other Loan Documents; and payment and performance of all other obligations of the Borrower to the Lender, now existing or hereafter arising, direct or indirect, absolute or contingent (all of the foregoing being referred to collectively as the "Obligations").

1

02/19/2002  00:52   9789218452                    BNB LOAN DEPT                        PAGE  10

2003040100043 Bk:20486 Pg:220
04/01/2003 09:42:00  MTG Pg 2/14

The Mortgaged Property includes as fixtures all articles owned by Borrower and now or hereafter located on the Mortgaged Property or used in connection therewith insofar as the same are or can, by agreement of the parties, be made a part of the realty, including but not limited to the following: portable or sectional buildings; bathroom, plumbing, heating, lighting, refrigerating, ice making, ventilating and air conditioning apparatus, fixtures and equipment; garbage incinerators and receptacles; elevators and elevator machinery boilers; stoves; tanks; motors; sprinkler and fire extinguishing systems; floor bell and alarm systems; window shades, screens, awnings, screen doors, storm and other detachable windows and doors; mantels, built-in cases and counters; building materials and supplies, and all other fixtures whether or not included in the foregoing enumeration.

### 2.    Security Agreement.

For valuable consideration paid, the Borrower hereby grants to the Lender a security interest under Article 9 of the Massachusetts Uniform Commercial Code in all tangible personal property now owned or hereafter acquired by the Borrower and used in any way in connection with the construction of improvements on, or the operation of, the Mortgaged Property, and also in all contracts, contract rights, plans and specifications, permits, approvals and general intangibles now or hereafter owned with respect to the Mortgaged Property, and all proceeds from the foregoing (all such tangible and intangible property being referred to collectively as the "Personal Property") to secure the Obligations.  The Lender shall have all of the rights and remedies of a secured party under the Massachusetts Uniform Commercial Code.  All covenants and obligations of the Borrower in this Mortgage, Security Agreement and Assignment shall be deemed to apply to the Personal Property to the extent applicable, whether or not expressly referred to herein.

### 3.    Assignment of Leases and Rents

In consideration of and as an inducement to the making by Lender to Borrower of the Loan secured hereby and by other Loan Documents, Borrower does hereby grant to Lender a security interest in and does also hereby assign, transfer and set over to Lender all Borrower's right, title and interest in and to all leases, rental agreements, or occupancy agreements now or hereafter in existence with respect to all or a portion of the Mortgaged Property together with all of Borrower's title and interest in and to the rents, issues and profits now or hereafter due, payable, collected or to be collected, arising issuing out of or entered into with respect to the Mortgaged Property or any part thereof (the "Assigned Leases and Rents") on the terms and conditions hereinafter set forth:

a)    Condition of Grant and Assignment.  So long as no Event of Default shall exist hereunder, Borrower shall have all the rights of the owner of the Property including, without limitation, the right to collect, receive and apply for its own account all Assigned Rents.  After an Event of Default has occurred, and Borrower has been given written notice thereof, and thereafter until such Event of Default has been cured, the rights of Borrower in the Assigned Rents shall cease, and in such event Lender is hereby expressly and irrevocably authorized to enter and take possession of the Mortgaged Property.

2

2003040100043 Bk:20486 Pg:221
04/01/2003 08:42:00 MTG Pg 3/14

b)     Application of Assigned Rents. Lender shall apply the net rents, issues and profits received by it from the Mortgaged Property after payment of all proper costs and charges to the reduction and payment of the Mortgage Debt. Lender shall be accountable to Borrower only for monies actually received by Lender pursuant to this Assignment.

c).     Direction to Debtor Under Assigned Leases and Rents. Borrower hereby irrevocably directs all present and future debtors, occupants or tenants under or with respect to the Assigned Leases and Rents, upon demand and after notice from Lender of an Event of Default hereunder to pay Lender all rents, issues and profits accruing or due under such Assigned Lease and Rents from and after the receipt of such demand and notice. Any person making such payment to Lender shall be under no obligation to inquire into or determine the actual existence of any such default claimed by the Lender.

d)     Indemnification of Lender. Borrower hereby agrees to indemnify and hold Lender harmless against and from any and all liability, loss, damage and expense, including reasonable attorney's fees, which it may incur by reason of this Assignment, and against and from any and all claims and demands whatsoever which may be asserted against Borrower by reason of any alleged obligation or undertaking on its part to perform or discharge any obligation with respect to the Assigned Leases and Rents.

e)     Covenant Regarding Rent in Advance. Notwithstanding any provisions of leases, rental agreements, or occupancy agreements now or hereafter in existence with respect to all or a portion of the Mortgaged Property to the contrary, Borrower, to the extent it is entitled to any rent under any of the foregoing, shall not collect said rent more than 30 days in advance.

f)     No Assumption of Liability by Lender. Nothing contained herein shall operate or be construed to obligate Lender to perform any of the obligations with respect to the Assigned Leases and Rents. Prior to actual entry into and taking possession of the Mortgaged Property by Lender, this Assignment shall not operate to place upon Lender any responsibility for the operation, control, care, management or repair of the Mortgaged Property, and the execution of this Assignment by Borrower shall constitute conclusive evidence that all responsibility for the operation, control, care, management and repair of the Mortgaged Property is and shall be that of Borrower prior to such actual entry and taking of possession.

g)     Warranty of No Prior Assignment. Borrower represents and warrants that it has not sold assigned, transferred, mortgaged or pledged any of the Assigned Leases and Rents or any part thereof, whether now due or hereafter to become due, to any other than Lender.

h)     Enforcement of Rights Under Assigned Rents. Borrower agrees that so long as it shall exercise its rights under Section 3a, above, Borrower shall enforce or cause to be enforced the performance of all obligations, covenants, conditions and agreements to be performed and kept by others with respect to the Assigned Leases and Rents.

3

02/19/2002  00:52    9789218452                    BNB LOAN DEPT                         PAGE  12

2003040100043 Bk:20486 Pg:222
04/01/2003 08:42:00 MTG Pg 4/14

i)    Lender's Rights of Assignment; Rights of Assignees. Lender shall have the right to assign to any subsequent holder hereof, or to any person acquiring title to the Mortgaged Property, all Borrower's rights, title and interest in any Assigned Leases and Rents hereby or hereafter assigned, subject, however, to the provisions of this Assignment. After Borrower shall have been barred and foreclosed of all right, title and interest and equity of redemption in the Mortgaged Property, no assignee of the Borrower's interest in the Mortgaged Property and no assignee of the Borrower's interest in the Assigned Leases and Rents shall be liable to account to the Borrower for any rents, income, revenues, issues or profits thereafter accruing.

j)    Termination of Assignment and Security Interest. Upon payment and performance of all obligations hereunder, this Assignment shall become void and be of no further effect. A discharge of this instrument, duly executed, acknowledged and delivered shall be a discharge and termination hereof.

4.    Borrower's Promises and Obligations.

The Borrower covenants and agrees with Lender as follows:

A.    Promise to Pay and Perform. Borrower will pay the Principal and interest thereon and other charges due under the Note as the same shall become due and payable, and will pay and perform all of the Obligations.

B.    Title. The Borrower is the owner of the Mortgaged Property and the Personal Property and has good right, full power and lawful authority to grant a mortgage and security interest in them in the manner aforesaid. The Mortgaged Property and the Personal Property are free and clear of all encumbrances except as otherwise stated in this Mortgage, Security Agreement and Assignment. The Borrower will make any further assurances of title that the Lender may require. The Borrower shall notify the Lender of, and will defend the Mortgaged Property and Personal Property against, all claims and demands of all persons at any time claiming the same or any interest therein. The Borrower agrees to execute and deliver on demand such other mortgages, security agreements, financing statements and other instruments as the Lender may reasonably request in order to perfect its mortgage or security interest or impose the lien of either more specifically upon any of the Mortgaged Property and the Personal Property. The Borrower agrees to perform and observe and not violate nor suffer the violation of any covenants, restrictions or other agreements of record against the Mortgaged Property.

C.    Promise to Maintain the Property. The Borrower will protect and maintain (or cause to be protected and maintained) in good order, repair and condition at all times: (i) the Mortgaged Property, including without limitation all fixtures, utility services, parking areas, access roads and landscaping in existence from time to time; and (ii) all Personal Property now or hereafter acquired and used in connection with the construction and operation of the Mortgaged Property, promptly replacing any Personal Property which may become lost, destroyed or unsuitable for use with other property of similar character.

4

J3040100043 Bk:20486 Pg:223
04/01/2003 08:42:00 MTG Pg 5/14

The Borrower will not commit or suffer any demolition, removal or material alteration of any of the Mortgaged Property or the Personal Property without the Lender's prior written consent or commit or suffer any strip or waste of the Mortgaged Property or the Personal Property or any violation of law, rule, regulation, ordinance, license or permit, or the requirements of any licensing or insuring authority, affecting the Mortgaged Property or any business conducted thereon or the Personal Property. The Borrower shall fully comply with all zoning, building, environmental and other applicable laws, codes and regulations and will obtain and maintain in good standing all licenses, permits and certificates required for the use of the Mortgaged Property.

D.        Insurance. The Borrower will keep the buildings and all other improvements comprising the Mortgaged Property insured with fire and extended coverage policies, and such other forms of coverage with deductible limits and such endorsements, all as required by the Lender from time to time, in an amount equal to 100% of their full insurable value. The Borrower shall also, if required by the Lender, maintain public liability insurance with limits reasonably acceptable to the Lender. The Borrower shall maintain, if the buildings and other improvements or any part thereof are located in a flood prone, flood risk or flood hazard area as designated pursuant to the Federal Flood Disaster Protection Act of 1973 as amended and regulations thereunder, a policy of flood insurance issued under and in compliance with that Act and regulations in an amount determined from time to time by the Lender.

All policies of insurance shall be subject to the Lender's reasonable review and approval, shall be written by insurers authorized to conduct business in Massachusetts and approved by the Lender and shall be first payable in case of loss to the Lender under the standard New England Lender clause, so-called, or its equivalent, and as to personal property coverage shall name the Lender as an additional insured party. The original of all policies of insurance (or certificates thereof issued by the insurer in form, content and manner of execution satisfactory to the Lender) shall be delivered to the Lender forthwith, and the Borrower shall deliver to the Lender a new policy (or such a certificate) as replacement for an expiring policy (or such a certificate) at least thirty (30) days before the date of expiration. The Borrower hereby irrevocably appoints the Lender its true and lawful attorney-in-fact, with full power of substitution, to assign any policy in the event of the foreclosure of the Mortgage, Security Agreement and Assignment and to deal with the insurer in all respects that the Borrower might do.

E.        Casualty. The proceeds of any casualty insurance in any instance and of rent loss insurance shall, at the Lender's election, be applied to or toward the indebtedness or other Obligations secured hereby in such order as the Lender may determine (in which event the Borrower shall be relieved of the obligation in Section 3 of this Mortgage, Security Agreement and Assignment to the extent of the repair of that part of the Mortgaged Property damaged by the hazard with respect to which insurance is so applied). If the Lender shall require repair of that part of the Mortgaged Property so damaged by such insured hazard, the Lender shall release to the Borrower insurance proceeds paid to it for such repair or restoration upon such conditions as the Lender may determine. Notwithstanding anything in this Section E to the contrary, if the insurer denies liability to the Borrower, the Borrower shall not be relieved of any Obligation

5

2003040100043 Bk:20486 Pg:224
04/01/2003 09:42:00 MTG Pg 6/14

under Section 3 of this Mortgage, Security Agreement and Assignment, whether or not any
proceeds of insurance are applied to the Principal, interest or other Obligations.

F.      Eminent Domain.  Awards of damages for any condemnation for public use of or
injury to the Mortgaged Property and Personal Property shall be paid to the Lender and at the
Lender's election shall be applied to the Principal, interest or other Obligations in such order as
the Lender may determine.  At the Lender's election, such awards shall be released to the
Borrower on such conditions as the Lender may determine to be applied to restoration of that part
of the Mortgaged Property which remains, but not more than such portion of such awards as may
be required to restore such damaged or injured property shall be so applied; and any balance shall
be applied by the Lender to the Principal, interest or other Obligations in such order as the
Lender may determine.

G.      Transfer.  The Borrower will not sell, further encumber or otherwise transfer the
Mortgaged Property or the Personal Property or any part thereof or any interest therein or enter
into any new leases of all or any portion(s) of the Mortgaged Property, or amend or modify any
existing lease(s), without first securing in each instance Lender's consent in writing; provided,
however, Borrower may transfer and replace such Personal Property as may be destroyed,
damaged or of no material value.  The Lender may, without notice to any person, deal with any
successor in interest to the Borrower regarding this Mortgage, Security Agreement and
Assignment and the Obligations secured hereby in all respects as the Lender might deal with the
Borrower without in any way affecting the Borrower's liability hereunder or the Obligations
secured hereby; and no sale of all or any part of the Mortgaged Property or the Personal Property,
nor any forbearance by the Lender, nor any extension by the Lender of the time for payment and
performance of the debt and other Obligations hereby secured, shall operate to release, discharge,
modify, change or affect the liability of the Borrower or any other predecessor in interest to the
equity owner at the time of such sale, forbearance or extension.

H.      Taxes.  The Borrower will pay before delinquent, and before any penalty for
nonpayment attaches thereto, all taxes, assessments and charges of every nature to whomever
assessed that may now or hereafter be levied or assessed upon the Mortgaged Property or the
Personal Property or any part of either, or upon the rents, income or profits thereof or upon the
lien or estate hereby created, whether any or all said taxes, assessment or charges be levied
directly or indirectly or as excise taxes or as income taxes.

At the Lender's election, the Borrower shall from time to time pay to the Lender on dates
on which installments of principal or interest are payable such amounts as the Lender from time
to time estimates as necessary to create and(maintain a reserve fund from which to pay before the
same becom6 due all taxes, assessments, and other charges on or against the Mortgaged Property
and the Personal Property.  Such payments may be mingled with the general funds of the Lender,
who shall have no obligation to pay interest thereon except as required by law.  Payments from
the reserve fund for payment of such taxes, assessments and charges, and any lien which may
arise by reason thereof may be made by the Lender at its discretion even though subsequent
owners of the Mortgaged Property and the Personal Property may benefit thereby.  In the event
of any default under the terms of this Mortgage, Security Agreement and Assignment, any part

6

2003040100043 Bk:20486 Pg:225
04/01/2003 08:42:00 MTG Pg 7/14

or all of the reserve fund may be applied, at the Lender's election, to pay any part of the indebtedness hereby secured or to perform any other Obligation not performed by the Borrower as required by the Loan Documents. In refunding any part of the reserve fund, the Lender may deal with whomever is represented to be owner(s) of the Mortgaged Property and the Personal Property at that time.

If any law is hereafter enacted deducting from the value of real or personal property for the purpose of taxing any mortgage or security interest thereon, or changing in any way the laws now in force for the taxation of mortgages or debts secured by mortgages for state or local purposes, or the manner of collection of any such taxes, so as to materially and adversely affect, in the Lender's opinion, the rights of the Lender, then notwithstanding compliance by the Borrower with all other provisions hereof, the whole of the indebtedness hereby secured shall, at the Lender's election, become due and payable thirty (30) days after written notice to the Borrower requiring payment of the indebtedness; provided, however, that the Lender's exercise of such election shall be ineffective if the Borrower is permitted by law to pay the whole of such tax, and if the Borrower, prior to the expiration of said thirty (30) day period, does pay all of such tax and agrees to pay any such tax thereafter levied with respect to the Mortgaged Property or the Personal Property.

I.    No Other Liens.  The Borrower (a) will pay (before such prior lien may attach) all sums which, if unpaid, may result in a lien on any Mortgaged Property or Personal Property prior to the lien of this Mortgage, Security Agreement and Assignment, and (b) will pay all sums which, if unpaid, may result in conferring upon a tenant of all or any part of the Mortgaged Property a right to recover such sums as prepaid rent. Without limiting the foregoing, Borrower shall pay all sums and take all actions as may be required to avoid or to discharge the imposition of any lien on the Mortgaged Property under the Comprehensive Environmental Response, Compensation and Liability Act (Public Law 96-514) or Massachusetts General Laws Chapter 21E and all amendments thereto, and the Borrower shall indemnify and save the Lender harmless from all loss, claims and liabilities incurred or suffered by the Lender by virtue of the provisions thereof or of other similar state or federal law.

J.    Leases.  The Borrower covenants with the Lender: (i) to observe and perform all the obligations imposed upon the lessor under each lease or other occupancy agreement affecting the Mortgaged Property and not to do or permit to be done anything to impair the security thereof; (ii) not to collect any of the rent, income and profits arising or accruing under any leases or occupancy agreements or from the Mortgaged Property more than one month in advance of the time when the same shall become due; (iii) not to execute any other assignment of lessor's interest in any leases or occupancy agreements or in the rents due under the same or accruing from the Mortgaged Property; (iv) not to reduce the rent or the term, or otherwise alter, modify or change the terms or conditions of any lease or occupancy agreements so as to impair their value as security, or cancel or terminate any Lease or accept a surrender thereof or enter into any new lease of any part of the Mortgaged Property, without the Lender's prior written consent of each occasion.

K.    Further Assurances.  The Borrower will promptly cause this Mortgage, Security Agreement and Assignment and all financing statements which may be required to perfect the

7

2003040100043 Bk:20486 Pg:226
04/01/2003 08:42:00  MTG Pg 8/14

security interest granted hereby to be recorded and re-recorded, registered and re-registered, filed
and re-filed at such times and places, and do all such other acts as may be required (or believed
by the Lender to be required) by law to create, preserve or protect the priority of this Mortgage,
Security Agreement and Assignment and of any lien created hereby upon the Mortgaged
Property and the Personal Property or any part of either.

5.    Borrower's Right to Contest.

        The Borrower shall have the right to contest by appropriate legal proceedings, but without
cost or expense to the Lender, the validity of any laws, ordinances, orders, rules or regulations
affecting the Mortgaged Property and the Personal Property if compliance may be so contested
without the imposition of any charge, lien, or liability against the Mortgaged Property or the
Personal Property and without the loss or suspension of any license, right or permit with respect
to the Mortgaged Property and the Personal Property, and the Borrower may postpone
compliance therewith until the completion of any such proceedings, provided they shall be
promptly commenced and prosecuted to completion with due diligence; but if any charge, lien or
liability is incurred, or if in the Lender's judgment delay in compliance is likely to impair the
value of the Mortgaged Property or Personal Property as security for the Obligations, the
Borrower may make the contest and delay compliance only if the Lender is furnished with
security satisfactory to it against any loss or injury which in the Lender's judgment could occur
by reason of such noncompliance or delay.

6.    Lender's Right to Act.

        If the Borrower shall neglect or refuse (a) to maintain and keep in good repair the
Mortgaged Property and the Personal Property as required by this Mortgage, Security Agreement
and Assignment, or (b) to maintain and pay when due the premiums for all insurance required by
this Mortgage, Security Agreement and Assignment, or (c) to pay and discharge all taxes,
assessments and charges of every nature to whomever assessed, as required by this Mortgage,
Security Agreement and Assignment, or (d) to pay the sums required to be paid in Section 3.I., or
(e) to pay, perform or otherwise satisfy any other terms or conditions of this Mortgage, Security
Agreement and Assignment or any other Loan Document, the Lender, at its election after written
notice to the Borrower except that no such notice shall be required in the event of emergency,
may cause such repairs or replacements to be made, obtain such insurance, pay said taxes,
assessments and charges, incur and pay reasonable amounts in protecting its rights hereunder and
the security hereby granted, pay any balance due under any conditional agreement of sale of any
property included as a part of the Mortgaged Property or the Personal Property, and pay any
amounts as the Lender deems necessary or appropriate to satisfy any term or condition of this
Mortgage, Security Agreement and Assignment which the Borrower shall have failed to satisfy,
and remedy any breach of such term or condition; and any amounts or expenses so paid or
incurred, together with interest thereon from the date of payment by the Lender, at the rate
provided in the Note for amounts due after maturity, shall be immediately due and payable by the
Borrower to the Lender and until paid shall be secured hereby equally and ratably with, and the
same may be collected as part of the principal debt secured by this Mortgage, Security
Agreement and Assignment in any suit hereon or on the Note. No payment by the tender shall

2003040100043 Bk:20486 Pg:227
04/01/2003 08:42:00 MTG Pg 9/14

relieve the Borrower from any default hereunder or impair any right or remedy of the Lender consequent thereon.

7.   Default; Foreclosure and Other Remedies.

The entire indebtedness secured hereby shall become immediately due and payable at the Lender's election without notice upon the occurrence of the following Events of Default: (i) if there shall occur an Event of Default under the Note, or (ii) if any default in the performance or observance of any other term, condition, covenant or agreement of, or contained herein, in the Note, or in any other Loan Document or any other agreement executed in connection with any one or more of the foregoing shall occur, and any such default shall not be cured within any applicable grace period stated therein; (iii) if by order of a court having jurisdiction a receiver or liquidator or trustee of the Borrower, or any guarantor or endorser of the Note shall be appointed, or if a petition in bankruptcy or to reorganize the Borrower, such guarantor or endorser pursuant to the Federal Bankruptcy Act or any other similar statute, as now or hereafter in effect shall be filed, or the Borrower, such guarantor or endorser shall file a petition in voluntary bankruptcy or reorganization or if (without limitation of the generality of the foregoing) the Borrower, such guarantor, or endorser shall file a petition for an arrangement, reorganization or bankruptcy pursuant to any law providing for the relief of debtors, or if the Borrower-, such guarantor or endorser shall institute any proceeding for its dissolution or liquidation, or shall make an assignment or mortgage for the benefit of creditors generally, or shall admit in writing inability to pay the Borrower's, such guarantor's or endorser's debts generally as they become due, or shall consent to the appointment of a receiver or trustee or liquidator. Provided, however, in the event of an involuntary proceeding in which no order for relief has been entered, there shall be a sixty day grace period during which the default may be cured by the final dismissal of such proceedings.

The Borrower authorizes the Lender, in addition to all other rights granted by law or by this Mortgage, Security Agreement and Assignment, whenever and as long as any default hereunder shall exist, and without notice, to enter and take possession of all or any part of the Mortgaged Property and the Personal Property and to use, operate, construct, reconstruct, manage and control the same and conduct the business thereof, and perform lessor's obligations under any lease affecting all or any part of the Mortgaged Property, and collect the rents, profits and income therefrom, specifically including rents and income from the Assigned Leases and Rents, as the Lender shall deem appropriate and to take any action with regard thereto as in the Lender's judgment is required by law. Upon every such entry, the Lender may from time to time at the Borrower's expense make all such repairs, replacements, alterations, additions and improvements to the Mortgaged Property and the Personal Property as the Lender may deem necessary and appropriate and may exercise all rights and powers of the Borrower, either in the Borrower's name or otherwise as the Lender may determine. Upon such entry, the Lender may, at its option, pay and incur all expenses which the Lender believes are necessary and appropriate for the completion of construction of or holding and operating the Mortgaged Property and the Personal Property, the conduct of any business thereon and the maintenance, repair, replacement, alteration, addition or improvement of the Mortgaged Property and the Personal Property, including without limitation payments of taxes, assessments, insurance, wages of employees

9

2003040100043 Bk:20486 Pg:228
04/01/2003 08:42:00 MTG Pa 10/14

connected therewith or any business conducted thereon, charges and reasonable compensation
for service of the Lender, its attorneys and accountants and all other persons engaged or
employed in connection therewith or any business conducted thereon. The Lender may add all
obligations so paid or incurred to the Obligations to bear interest at the rate provided for in the
Note applicable to amounts due after maturity or default and shall be secured by all Loan
Documents equally and ratably with the Principal, interest thereon and all other Obligations, or
deducted from the income or receipts of the Mortgaged Property or any business conducted
thereon.

Nothing in this Mortgage shall be construed as obligating the Lender to take any action or
incur any liability with respect to the Mortgaged Property or any business conducted thereon, the
Personal Property, the Assigned Leases and Rents, and all elections given to the Lender are for
its benefit and shall be exercised in its sole discretion.

If any action or proceeding is commenced, including an action to foreclose this Mortgage,
Security Agreement and Assignment or to collect the debt hereby secured, to which the Lender is
made a party by reason of the execution hereof or by reason of any obligation which it secured,
or by reason or entry or any other action hereunder, or if it becomes necessary in connection with
legal proceedings or otherwise to defend or uphold this Mortgage, Security Agreement and
Assignment or the lien(s) or security interests hereby created or any act taken hereunder, all
reasonable sums paid or incurred by the Lender for the expense of any litigation or otherwise in
connection with any rights created hereby shall be paid by the Borrower, or may at the Lender's
election be added to the Obligations to bear interest at the rate provided for in the Note
applicable to amounts due after maturity or default and shall be secured by all Loan Documents
equally and ratably with the Principal, interest thereon and all other Obligations.

The Lender shall for further security, and in addition to all other rights, be subrogated to
the lien, whether released of record or taken by Lender by assignment, of any and all
encumbrances on the Mortgaged Property or the Personal Property or any part thereof, to the
extent satisfied or acquired by funds of the Lender, whether paid out of the proceeds of the loan
secured by this Mortgage, Security Agreement and Assignment or otherwise.

This Mortgage is granted upon the STATUTORY CONDITION and on the further
condition that all covenants and agreements of the Borrower contained herein and in the Note
and every other Loan Document shall be kept and fully performed, for any breach of which the
Lender shall have the STATUTORY POWER OF SALE, and on the further condition that upon
any default the Lender shall have as to the Personal Property all rights and remedies of a Secured
Party under the Uniform Commercial Code as now in effect in the Commonwealth of
Massachusetts, including the option to proceed as to both the Mortgaged Property and the
Personal Property under the law relating to foreclosure of real estate mortgages, and such further
remedies as from time to time may hereafter be provided in Massachusetts for a secured party.

All rights of the Lender under this Mortgage as to the Personal Property and the Real
Estate may be exercised together or separately. In exercising its power of sale, the Lender may
sell the Personal Property or any part thereof, either separately from or together with the

10

2003040100043 Bk:20486 Pg:229
04/01/2003 08:42:08 MTG Pg 11/14

Mortgaged Property or any part thereof, either as one unit or in such separate units, all as the
Lender may in its discretion elect; and may sell the Mortgaged Property as one unit or parcel or
in such separate units or parcels as Lender may in its discretion elect; and may sell the
Mortgaged Property or any part thereof either separately from or together with the whole or any
part of other collateral which may constitute security for any obligation secured by the
Mortgaged Property, also as the Lender may in its discretion elect. In the event of any separate
sale of Personal Property, the Lender will give to the Borrower reasonable notice of the time and
place of any public sale or of the time after which any private sale or other intended disposition
thereof is to be made. The requirement of reasonable notice shall be met if notice is given as
provided in this Mortgage, Security Agreement and Assignment at least five (5) business days
before the time of the sale or other disposition.

8.    Notices.

Any demand, notice or request by either party to the other shall be sufficiently given if
delivered to the party intended to receive the same or if mailed by certified mail addressed to
such party, as to the Borrower at the Notice Address of such party set forth on the signature page
of this Mortgage, and as to the Lender at the address set forth in Section I of this Agreement, or
such other address of either as may be stated in a notice delivered or mailed as herein provided.

9.    Waiver.

No consent or waiver, express or implied, by the Lender to, or of any default by, the
Borrower shall be construed as a consent or waiver to or of any other default at the same time
upon any future occasion.

10.    Partial Invalidity.

In case any one or more of the provisions of this Mortgage, Security Agreement and
Assignment are held to be invalid, illegal or unenforceable in any respect, such invalidity,
illegality or unenforceability shall not affect any other provision hereof.

11.    Binding Obligations.

This Mortgage, Security Agreement and Assignment shall inure to the benefit of and be
binding upon the Borrower and the Lender and their respective representatives, successors and
assigns. The terms "Borrower" and "Lender" shall include all subsequent holders of their
respective rights, title and interests under this Mortgage, Security Agreement and Assignment.

12.    Condominium Provisions

The Mortgaged Property comprises a unit or units in, together with an undivided interest in
the common elements of, a condominium (the "Condominium") established by a master deed
(the "Master Deed"), which common elements are managed by a unit owners' association (the
"Owners' Association") established by a condominium trust declaration (the "Condominium

11

2003040100043 Bk:20486 Pg:230
04/01/2003 08:42:00 MTG Pg 12/14

Trust"). In addition to the foregoing covenants and agreements, Borrower and Lender further agree as follows:

a.      Condominium Obligations  -  Borrower shall perform all of Borrower's obligations as set forth in the Master Deed and the constituent document of the Owners' Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Master Deed and Condominium Trust.

b.      Hazard Insurance  -  So long as the Owners' Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy on the Condominium which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then Borrower's obligation under 2 (D) above to maintain hazard insurance coverage on the Mortgaged Property is deemed satisfied to the extent that the required coverage is provided by the Owners' Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage. In the event of distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Mortgaged Premises, whether to the unit(s) or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by the Security Instrument, with any excess to the paid to Borrower.

c.      Public Liability Insurance  -  Borrower shall take such actions as may be reasonable to insure that the Owners' Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

d.      Condemnation  -  The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

e.      Lender's Prior Consent  -  Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Mortgaged Property or consent to:

        (i)     the abandonment or termination of the Condominium, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of taking by condemnation or eminent domain;

        (ii)    any action which would have the effect of rendering the public liability or hazard insurance coverage maintained by the Owners' Association unacceptable to Lender.

f.      Remedies  -  If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts so disbursed by Lender shall become additional

12

**2003040100043 Bk:20486 Pg:231**
04/01/2003 08:42:00 MTG Pg 13/14

debt of Borrower secured hereby. Unless Borrower and Lender otherwise agree, these amounts shall bear interest from the date of disbursement at the interest rate set forth in the Note as applicable upon the occurrence of an Event of Default, and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

EXECUTED as a sealed instrument this 31st day of March, 2003

Daniel J. Creeden

Normita Snow Creeden

BORROWER'S NOTICE ADDRESS

22 Broadway
Beverly, Massachusetts 01915

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                    March 31, 2003

Then personally appeared the above-named Daniel J. Creeden and Normita Snow Creeden and acknowledged the foregoing to be their free act and deed, before me.

Notary Public

My Commission Expires: _3-6-2009_

13

**2003040100043 Bk:20486 Pg:232**
04/21/2003 08:42:00 MTG Pg 14/14

### EXHIBIT A

(Unit 1, United Merchants Condominium, 284 Cabot Street, Beverly, Ma.)

Unit 1 of the United Merchants Condominium established by Master Deed dated January 23, 1986 and recorded with the Essex South District Registry of Deeds, Book 8092, Page 304 (the "Master Deed"). The Unit is conveyed with the 8.3% proportionate interest in the common areas as set forth in the Master Deed, and is subject to and has the benefit of the Master Deed as it may have been amended, and the Declaration of Trust of the United Merchants Condominium Trust recorded with the Master Deed.

March 8, 2005
LET JUDGMENT ISSUE:

COMMONWEALTH OF MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE TRIAL COURT

Land (
Court (  *Karyn F. Scheier*
Use (        Justice
Only ( *Chu*

_____Essex_____ ss.                           Case No. 3 0 4 9 0 7

## COMPLAINT TO FORECLOSE MORTGAGE

| PLAINTIFF:<br>Name | City or Town<br>of Residence | |
|---|---|---|
| Beverly National Bank | Beverly | |

04 DEC 27 AM 9: 13
LAND COURT
FILED

| DEFENDANT:<br>Name | City or Town<br>of Residence | Interest |
|---|---|---|
| Daniel J. Creeden<br>Normita Snow Creeden | Beverly<br>Essex | Owner<br>Owner |

1. Your plaintiff is the owner (or assignee) and holder of a mortgage with the statutory power of sale given by  Daniel J. Creeden and Normita Snow Creeden

to  Beverly National Bank

                          dated    October 15, 1998
                                   of Deeds
recorded at  Essex County (Southern District) Registry  Book  15160  Page  345 ,

covering*  Unit 1, United Merchants Condominium, 284 Cabot Street, Beverly

_____  (street and number)
                                                   (and city or town)

and more particularly described in said mortgage.

---

## LAND COURT USE ONLY

### JUDGMENT

Under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, this cause came on to be heard and thereupon, upon consideration thereof, it appearing to the Court that the record owner is not entitled to the benefits of said Act, it is

ORDERED and ADJUDGED that the plaintiff be authorized and empowered to make an entry and to sell the property covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.
    Attest:

                                        Deborah J. Patterson,
                                        DEBORAH J. PATTERSON
                                        RECORDER

**CERTIFICATE OF ENTRY**

**We hereby** certify that on the 23rd Day of March in the year two thousand and five, we were present and saw Lisa Lewis, Collection Officer, on behalf of Beverly National Bank, present holder of a certain Mortgage given by Daniel J. Creeden and Normita Snow Creeden, to Beverly National Bank, said Mortgage dated October 15, 1998 and recorded with the Essex County (Southern District) Registry of Deeds at Book 15160, Page 345, make an open, peaceable and unopposed entry on the premises situated in Beverly, Essex County, described in said Mortgage, for the purpose, by her declared, of foreclosing said Mortgage for breach of conditions thereof.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

On this 23rd Day of March 2005, before me the undersigned Notary Public, personally appeared _____ **Jeffrey Mann** _____ and _____ **Ralph Stewart** _____, and proved to me through satisfactory evidence of identification which was a driver's license, to be the persons whose names are signed above and acknowledged to me that they signed it voluntarily for its stated purpose.

NOTARY PUBLIC: ROBERT L. MARDER
My commission expires: 1/29/10

Robert L. Marder
Attorney at Law
75 Exchange Street
Suite 310
The Edison
Massachusetts 01901

(781) 592-1154
(781) 599-1102

## FORECLOSURE DEED

BEVERLY NATIONAL BANK, a corporation duly established under the laws of the Commonwealth of Massachusetts, and having its usual place of business at 240 Cabot Street, Beverly, Ma. 01915, holder of a Mortgage from DANIEL J. CREEDEN and NORMITA SNOW CREEDEN, said Mortgage dated October 15, 1998 and recorded with the Essex County (Southern District) Registry of Deeds at Book 15160, Page 345, by the power conferred by said Mortgage and every other power, for consideration of ONE HUNDRED NINETY-SIX THOUSAND ($196,000.00) DOLLARS paid, grants to GEORGE PARAS and PANAGIOTA PARAS, as Joint Tenants, 28 Thorndike Street, Arlington, Middlesex County, Massachusetts, the Nominee of NIKITAS PARAS, the premises conveyed by said Mortgage.

Witness the execution and the Corporate Seal of said corporation this 26 day of April, 2005.

BEVERLY NATIONAL BANK
By:

JOHN R. PUTNEY
EXECUTIVE VICE PRESIDENT

### COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

On this 26 Day of April 2005, before me the undersigned Notary Public, personally appeared John R. Putney, as aforesaid, and proved to me through satisfactory evidence of identification which was a driver's license, to be the person whose name is signed on the preceding document and acknowledged to me that he signed it voluntarily for its stated purpose as Executive Vice President of Beverly National Bank

NOTARY PUBLIC:
My commission expires: 3-6-2009

Robert L. Mardor
Attorney at Law
85 Exchange Street
Suite 190
The Edison
Lynn, Massachusetts 01901

(781) 598-1150
Fax: (781) 598-1102

-1-

## AFFIDAVIT

I, John R. Putney, Executive Vice President, on behalf of Beverly National Bank, named in the foregoing Deed, make oath and say that the principal/interest/obligation mentioned in the Mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that I published on the 4th, 11th and 18th days of February, 2005 in The Salem News, a newspaper published or by its title page purporting to be published in Beverly, and having a general circulation therein, notices of which the following is a true copy

### (See Exhibit A attached)

I also complied with the provisions of Ch. 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, upon the mortgaged premises, I sold the mortgaged premises at public auction by Jeffrey Mann, an auctioneer, to Nikita Paras or his Nominee for the sum of ONE HUNDRED NINETY SIX THOUSAND AND 00/100 ($196,000.00) DOLLARS bid by the said Nikita Paras and being the highest bid made therefor at said auction.

JOHN R. PUTNEY
EXECUTIVE VICE PRESIDENT

Signed and sworn to by the said John R. Putney
April 26, 2005, before me,

NOTARY PUBLIC
My commission expires: 3/6 2009

Robert L. Marder
Attorney at Law
85 Exchange Street
Suite 216
The Edison
Lynn, Massachusetts 01901

(781) 599-1152
Fax: (781) 599-1102

-2-




2004040800903 Bk:22640 Pg:464
04/09/2004 15:07:00 MTG Pg 1/12

## THIRD MORTGAGE AND SECURITY AGREEMENT

We, **DANIEL J. CREEDEN AND NORMITA SNOW CREEDEN** of 22 Broadway, Beverly, Massachusetts (hereinafter "Mortgagor", which term wherever used in this Mortgage shall include their successor(s) and assign(s), for consideration paid, hereby GRANTS unto **ALVARO NUNES** of 84 Tremont Street, Peabody, MA (hereinafter referred to as "Mortgagee", which term wherever used in this mortgage shall include its successors and assigns), with MORTGAGE COVENANTS, to secure payment of the principal amount and interest set forth in a note of even date from the Mortgagor to the Mortgagee, (the "Note") in the amount of **FIFTY FIVE THOUSAND AND 00/100 ($55,000.00) DOLLARS**, with interest thereon, or such part thereof as shall from time to time remain unpaid, all payable as provided in said Note, and also to secure the performance of all agreements herein contained, and/or contained in all other agreements executed in connection with said Note and the indebtedness represented thereby, and the payment and performance of all other debts, loan, obligations and liabilities of any nature, direct or indirect, absolute or contingent, present or future, owed or to be owed to the Mortgagee by the Mortgagor, the property located at **284 CABOT STREET, (UNIT 1), BEVERLY, MASSACHUSETTS 01915**, hereinafter described on Exhibit "A", attached hereto. This MORTGAGE COVENANT shall also pertain to, insofar as they are, or can by agreement of the parties be made, a part of the realty, all of the following articles now or hereafter on the above described premises or used therewith: portable or sectional buildings, bathroom, plumbing, heating, lighting, refrigerating, ice making, ventilating and air conditioning apparatus and equipment, garbage incinerators and receptacles, elevators and elevator machinery, boilers, stoves, tanks, motors, sprinkler and fire extinguishing systems, door bell and alarm systems, window shades, screens, awnings, screen doors, storm and other detachable windows and doors, trees, hardy shrubs and perennial flowers, and other fixtures whether or not included in the foregoing enumeration, (herein collectively referred to along with said parcel as the "real estate"). The term "mortgaged premises" as used in this instrument shall also refer to the said real estate.

The Mortgagor warrants and represents to, and covenants and agrees with, the Mortgagee, its successors and assigns, that:

1. <u>Good Title</u>. The Mortgagor is lawfully seized in fee simple of the mortgaged premises, and has a good right, full power and lawful authority to sell and convey the same in the manner aforesaid; and that the mortgaged premises are free and clear of all encumbrances except as herein otherwise recited, and the Mortgagor will make any further assurances of title that the Mortgagee may require.

2. <u>Payment of Indebtedness</u>. Mortgagor and each endorser or guarantor of the Note (if any) will pay the Note and interest thereon as the same shall become due and payable, and each will pay such other indebtedness for which such Mortgagor, endorser or guarantor may be liable to the Mortgagee.

MORTGAGE & SECURITY AGREEMENT/PAGE 8

**2004040800903 Bk:22540 Pg:471**
04/08/2004 15:07:08 MTG Pg 9/12

Commonwealth of Massachusetts to mortgagees.

27. <u>Maintenance of Original Loan to Value Ratio</u>. In the event that the loan to value ratio, as established by the Mortgagee pursuant to its original appraisal obtained for the purpose of determining whether to grant the initial loan secured hereunder is exceeded at any time during the term hereof, as established by a then current appraisal obtained by the Mortgagee, then and in that event the Mortgagee shall have the right and privilege to require Mortgagor to provide Mortgagee with additional collateral and/or make a cash payment to Mortgagee in order to re-establish the original loan to value ratio or a lower loan to value ratio in accordance with then existing prudent lending practices. All costs of any reappraisal deemed necessary by the Mortgagee in connection with this paragraph shall be borne by the Mortgagor.

28. <u>Acknowledgment</u>. On the request of the holder, to furnish a written statement, signed and, if requested, acknowledged, setting forth the amount of the indebtedness which the Mortgagor acknowledges to be due on the Note and under this Mortgage, specifying any claims of offset or defense which the Mortgagor asserts against the indebtedness secured hereby or any obligations to be paid or performed hereunder, and the then state of facts relative to the condition of the Mortgaged Premises.

29. <u>Annual Statement</u>. INTENTIONALLY DELETED

30. <u>Hazardous Waste</u>. INTENTIONALLY DELETED

31. <u>Conduct of Foreclosure Sale</u>. At any foreclosure sale of the mortgaged premises, the mortgaged premises and any combination of all of any other security for the debt secured hereby may be offered for sale for one total price, and the proceeds of such sale may be accounted for in one account without distinction between the items of security or without assigning to them any proportion of such proceeds, the Mortgagor hereby waiving the application of any doctrine of marshaling; and the Mortgagee may, in the exercise of the power of sale herein given, sell the mortgaged premises in parts or parcels, said sales may be held from time to time, and the power shall not be fully executed until all of the mortgaged premises and any such other security not previously sold shall have been sold; if surplus proceeds are realized from a foreclosure sale, the Mortgagee shall not be liable for any interest thereon pending distribution of such proceeds by the Mortgagee.

EXECUTED AS A SEALED INSTRUMENT this 8th day of April, 2004.

_____
Daniel J. Creeden

_____
Normita Snow Creeden

**MORTGAGE & SECURITY AGREEMENT/PAGE 9**

2004040800903 Bk:22540 Pg:472
04/08/2004 15:07:00 MTG Pg 9/12

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                    April 8, 2004

On this 8th day of April, 2004, before me, the undersigned notary public, personally appeared Daniel J. Creeden and Normita Snow Creeden, proved to me through satisfactory evidence of identification, which were _Licanses_ to be the persons whose names are signed on the preceding or attached document, and acknowledged to me that they signed it voluntarily for its stated purpose.



Athan A. Vontzalides, Notary Public
My commission expires: 06/03/05

## Exhibit A - Property Description

Closing date:          **April 8, 2004**

Property               **284 Cabot Street, Unit 1, Beverly, Massachusetts 01915**
Address:

**2004040800903 Bk:22640 Pg:475**
04/08/2004 16:07:08  MTG Pg 12/12

All that certain premises and proportionate interest in United Merchants Condominium condominium
situated in Beverly, Essex County, Massachusetts more particularly described as follows:

Unit 1 of United Merchants Condominium located at 280-284 Cabot Street, Beverly,
Massachusetts, a condominium established pursuant to Massachusetts General Laws, Chapter 183A, by
Master Deed dated January 23, 1986 and recorded with the Essex South County Registry of Deeds in
Book 8092, Page 304, together with an undivided 8.3% interest in the common areas and facilities of the
Condominium.

For title see deed of Lynne Wolf (f/k/a Marjorie Lynn Klohs, f/k/a Marjorie L. Benjamin) dated October
15, 1998 and recorded with the Essex South District Registry of Deeds in Book 15160, Page 343.

©1986-2004 Standard Solutions, Inc. 781-324-0550

4

~lavsky & Glovsky
~ox 34
T # 20432001 pcw



**MORTGAGE**



2003110500723 Bk:22027 Pg:242
11/05/2003 13:20:00  MTG Pg 1/3

WE, DANIEL J. CREEDEN and NORMITA SNOW CREEDEN, of Beverly, Essex County, Massachusetts (hereinafter called the "Mortgagor"), for consideration paid, grant to JOHN D. CREEDEN and ANNE M. CREEDEN of 120 Village Post Road, Danvers, Essex County, Massachusetts (hereinafter called the "Mortgagee"), with MORTGAGE COVENANTS, to secure a note of even date, in the amount of ONE HUNDRED FOURTEEN THOUSAND AND 001/00 DOLLARS ($114,000.00), payable as provided therein, that certain parcel of land with the buildings thereon, situated at Unit #1 United Merchants Condominium, 280-284 Cabot Street, Beverly, County of Essex, Massachusetts, and bounded and described as follows:

**See legal description attached hereto as Exhibit A
and incorporated by reference in this Mortgage.**

This mortgage is upon the STATUTORY CONDITION and upon the further condition that all covenants and agreements on the part of the Mortgagor herein contained or herein referred to shall be fully kept and performed, for any breach of which the Mortgagee shall have the STATUTORY POWER OF SALE.

The Mortgagor covenants to pay when due all taxes, charges, assessments, water rates, sewer use charges and other charges, which may form the basis of a lien or expense upon or in connection with the Mortgaged Premises or any interest therein or upon any of the Obligations secured hereby.

In the event of redemption after foreclosure proceedings have been commenced, the Mortgagee shall be entitled to collect all costs, charges and expenses, including reasonable attorney's fees, incurred up to the time of redemption. In the case of foreclosure sale, the Mortgagee shall be entitled to retain out of the monies arising from such sale all sums then secured by this mortgage, whether then or thereafter payable, including all costs, charges, or expenses, including reasonable attorney's fees, incurred or sustained by the Mortgagee by reason of any default in the performance or observance of any condition of this mortgage.

IN WITNESS WHEREOF, we hereunto set our hands and seal on November 3, 2003.

Signed in the presence of:

DANIEL J. CREEDEN

NORMITA SNOW CREEDEN

\\SERVER\USERS\PWYSOR\CREEDEN\MORTGAGE - SIMPLE FORM.WPD

5

2003110500723 Bk:22027 Pg:243
11/05/2003 13:20:00 MTG Pg 2/3

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss                                          November 3, 2003

Then personally appeared the above-named DANIEL J. CREEDEN and
NORMITA SNOW CREEDEN, and acknowledged the foregoing instrument to be their
free act and deed, before me,

Notary Public
My Commission Expires:

PHILIP C. W
Notary Pu
Commonwealth of l        .husetts
My Commissio          res
November 2t

PHILI        WYSOR
No        blic
Commonwea          assachusetts
My Corr        n Expires
Nover          2004

\\SERVER\USERS\PWYSOR\CREEDEN\MORTGAGE - SIMPLE FORM.WPD

2003110500723 Bk:22027 Pg:244
11/05/2003 13:20:00  MTG Pg 3/3

## EXHIBIT "A"

## DESCRIPTION OF THE MORTGAGED PREMISES

Unit #1 United Merchants Condominium
280-284 Cabot Street
Beverly, MA 01915

Unit No. 1 (the "Unit"), in the United Merchants Condominium (the "Condominium") located at 280-284 Cabot Street, Beverly, Massachusetts, a condominium established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated January 23, 1986 and recorded with the Essex South County Southern Registry of Deeds in Book 8092, Page 304, together with an undivided 8.3 % percent interest in the common areas and facilities (as described in the Master Deed) of the Condominium.

The Unit is shown on the floor plans filed with the Master Deed and on the copy of a portion of said plan, recorded with the Unit Deed, to which is affixed the verified statement of a registered engineer in the form required by Massachusetts General Laws, Chapter 183A, Section 9.

The Unit is conveyed subject to and together with the benefit of (a) the provisions of Massachusetts General Laws, Chapter 183A, as the same may now or hereafter be amended; (b) the terms, conditions, easements, restrictions and other matters contained in the Master Deed and all matters of record stated or referred to therein, as completely as if each were fully set forth herein; and (c) the terms, conditions, easements, restrictions and other matters contained in the Declaration of Trust of the United Merchants Condominium dated January 23, 1986 and recorded with said Registry in Book 8092, Page 317, and any Rules and Regulations promulgated pursuant thereto, as amended.

Being the same premises conveyed to Daniel J. Creeden and Normita Snow Creeden by Deed of Lynne Wolf dated October 15, 1998, recorded in Essex South District Registry of Deeds, Book 15160, Page 343.

\\SERVER\USERS\PWYSOR\CREEDEN\MORTGAGE - SIMPLE FORM.WPD        3



COMMONWEALTH OF MASSACHUSETTS
**DEPARTMENT OF REVENUE**

**Lien Number:** 0440 2001 3237
**Taxpayer ID Number:** 043 162 855
**Spouse's ID Number:** 010 521 220

# *NOTICE OF MASSACHUSETTS TAX LIEN*

2004092100110 Bk:23405 Pg:156
09/21/2004 09:18:00 NML Pg 1/1

DANIEL J CREEDEN
284 CABOT ST
BEVERLY, MA 01915

DANIEL J. CREEDEN

**PLACE OF FILING**
**Registry of Deeds:** ESSEX COUNTY, SALEM, MA
**Secretary of State:** BOSTON, MA

Pursuant to the provisions of Section 50 of Chapter 62c of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.

| Tax Type | Period End Date | Assessment Date | Assessment Amounts | Statutory Additions | Balance Due |
|---|---|---|---|---|---|
| WITH INC | 11/30/03 | 03/12/04 | $592.53 | $77.93 | $670.46 |
| | 12/31/03 | 03/12/04 | $514.39 | $49.28 | $563.67 |
| | 01/31/04 | 05/22/04 | $517.57 | $64.02 | $581.59 |
| | 02/29/04 | 05/22/04 | $525.44 | $49.66 | $575.10 |
| | 03/31/04 | 05/22/04 | $550.67 | $31.25 | $581.92 |
| | 04/30/04 | 05/15/04 | $560.66 | $24.68 | $585.34 |
| | 05/31/04 | 06/15/04 | $466.80 | $20.81 | $487.61 |
| MEALS | 07/31/03 | 03/05/04 | $2,764.00 | $546.26 | $2,810.26 |
| | 10/31/03 | 03/15/04 | $2,436.00 | $333.69 | $2,769.69 |
| | 11/30/03 | 03/15/04 | $1,865.00 | $218.68 | $2,083.68 |
| | 12/31/03 | 03/15/04 | $1,789.00 | $174.25 | $1,963.25 |
| | 01/31/04 | 06/15/04 | $1,643.05 | $177.66 | $1,820.71 |
| | 02/29/04 | 06/15/04 | $1,818.10 | $161.33 | $1,979.43 |
| | 03/31/04 | 06/15/04 | $2,314.25 | $158.60 | $2,472.85 |
| | 04/30/04 | 06/15/04 | $2,034.35 | $98.33 | $2,132.68 |
| | | | | **TOTAL:** | **$22,078.24** |

Tax Examiner: Michael Carballeira

Laurie McGrath
Acting Deputy Commissioner

RPLIENRG

**Commonwealth of Massachusetts Department of Revenue**
# NOTICE OF MASSACHUSETTS TAX LIEN

| No. |
| 0530 0000 8015 1 |

*Pursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

CREEDEN, DANIEL J.          010521220    043162855    1378400
22 BROADWAY ST
BEVERLY          MA    01915

| Tax Type | Period End Date | Date of Deemed Assessment | | Balance Due |
|---|---|---|---|---|
| MEALS | 07-31-03 | 09-10-04 | | $2,883.96 |
| MEALS | 10-31-03 | 09-10-04 | | $2,845.36 |
| MEALS | 11-30-03 | 09-10-04 | | $2,141.11 |
| MEALS | 12-31-03 | 09-10-04 | | $2,017.83 |
| MEALS | 01-31-04 | 09-10-04 | | $1,871.09 |
| MEALS | 02-29-04 | 09-10-04 | | $2,034.68 |
| MEALS | 03-31-04 | 09-10-04 | | $2,542.53 |
| MEALS | 04-30-04 | 09-10-04 | | $2,193.35 |
| WITH INC | 11-30-03 | 09-10-04 | | $688.79 |
| WITH INC | 12-31-03 | 09-10-04 | | $579.32 |
| WITH INC | 01-31-04 | 09-10-04 | | $597.54 |
| WITH INC | 02-29-04 | 09-10-04 | | $591.07 |
| WITH INC | 03-31-04 | 09-10-04 | | $598.37 |
| WITH INC | 04-30-04 | 09-10-04 | | $601.98 |
| WITH INC | 05-31-04 | 09-10-04 | | $501.47 |

2004122300269 Bk:23786 Pg:185
12/23/2004 10:43:00 NML Pg 1/1

|  | *TOTAL* | $22,688.45 |

**PLACE OF FILING**

*Registry of Deeds*   ESSEX COUNTY, SALEM, MA

MDOR-Collections Bureau
P. O. Box 7021
Boston, MA 02204

Re:  DANIEL J CREEDEN

Req. by:  MICHAEL P. CARBALLEIRA

*Signature*

*Title*          *BUREAU CHIEF*



COMMONWEALTH OF MASSACHUSETTS
**DEPARTMENT OF REVENUE**

**Lien Number:**        0440 2001 3598
**Taxpayer ID Number:** 043 162 855

# *NOTICE OF MASSACHUSETTS TAX LIEN*

DANIEL J CREEDEN
284 CABOT ST
BEVERLY, MA 01915

PLACE OF FILING
**Registry of Deeds:**    ESSEX COUNTY, SALEM, MA
**Secretary of State:**   BOSTON, MA

Pursuant to the provisions of Section 50 of Chapter 62c of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.

| Tax Type | Period End Date | Assessment Date | Assessment Amounts | Statutory Additions | Balance Due |
|----------|-----------------|-----------------|--------------------|--------------------|-------------|
| WITH INC | 06/30/04 | 07/31/04 | $567.80 | $31.39 | $599.19 |
| | | | | **TOTAL:** | **$599.19** |

2004122300280 Bk:23786 Pg:196
12/23/2004 10:43:00 NNL Pg 1/1

MDOR-Collections Bureau
P. O. Box 7021
Boston, MA 02204

Tax Examiner:   Michael Carballeira

Laurie McGrath
Acting Deputy Commissioner

1872

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (617) 316-2575 | Serial Number<br>211479905 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

2005020400034 Bk:23929 Pg:302
02/04/2005 08:11:00 FTL Pg 1/1

Name of Taxpayer DANIEL J CREEDEN

Residence       284 CABOT ST
                BEVERLY, MA 01915-4528

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 941 | 06/30/2003 | 04-3162855 | 09/15/2003 | 10/15/2013 | 1530.00 |
| 941 | 12/31/2003 | 04-3162855 | 04/12/2004 | 05/12/2014 | 8560.94 |
| 941 | 03/31/2004 | 04-3162855 | 07/12/2004 | 08/11/2014 | 6643.87 |

| Place of Filing | Registry of Deeds<br>Southern Essex County<br>Salem, MA 01970 | Total | $ 16734.81 |
|---|---|---|---|

This notice was prepared and signed at _____ BOSTON, MA _____, on this,

the ___28th___ day of ___January___, ___2005___.

| Signature<br><br>for LAURA MOORE | Title<br>REVENUE OFFICER<br>(781) 835-4250 | 21-04-1155 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)        **Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET** 05 1 1585 GAO

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Beverly National Bank

**DEFENDANTS**

Alvaro Nunes, John D. and Ann M. Creeden, MA Dept. of Revenue, IRS, Daniel J. Creeden, and Normita Snow Creeden

**(b)** County of Residence of First Listed Plaintiff **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Essex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nicholas P. Vontzalides, Esq., 27 Lowell Street, Peabody, MA 01960
(978) 531-7000

Attorneys (If Known)

Lydia Bottome Turanchik, Trial Attorney, United States Department of Justice (for IRS)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government
  Plaintiff

☐ 3 Federal Question
  (U.S. Government Not a Party)

☒ 2 U.S. Government
  Defendant

☐ 4 Diversity
  (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

Appeal to District Judge from Magistrate Judgment

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. Sections 1442(a)(1), 1444

**VI. CAUSE OF ACTION**

Brief description of cause:
A civil foreclosure action against the United States.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/27/05

SIGNATURE OF ATTORNEY OF RECORD
Lydia Bottome Turanchik

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Service List

Nicholas P. Vontzalides, Esquire
Ankeles, Harmon, Bonfanti, Durkin,
Vontzalides & Ambeliotis, LLP
27 Lowell Street
Peabody, Massachusetts 01960

David J. Gallagher, Esquire
Regnante, Sterio & Osborne, LLP
Edgewater Office Park
401 Edgewater Place, Suite 630
Wakefield, Massachusetts 01880

Eileen Ryan McAuliffe, Esquire
Massachusetts Department of Revenue
Litigation Bureau
P.O. Box 9565
100 Cambridge Street
Boston, Massachusetts 02114

# 05  11585 GAO

Daniel J. Creeden
22 Broadway
Beverly, Massachusetts 01915

Normita Snow Creeden
63 Main Street
Essex, Massachusetts 01929

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)____ Beverly National Bank   v.   Alvaro Nunes, et al.____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    ___  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    _X_  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.     150, 152, 153.

# 05 11585 GAO

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____ None

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                            YES ☐      NO  X

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28
    USC §2403)
                                                                            YES ☐      NO  X
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                            YES ☐      NO  ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                            YES ☐      NO  X

7.  Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                            YES  X     NO  ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division    X        Central Division  ☐          Western Division  ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies,  residing in Massachusetts reside?

        Eastern Division    ☐        Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)

                                                                            YES  ☐     NO  X

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____ Lydia Bottome Turanchik _____

ADDRESS __U.S. Department of Justice, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, DC 20044_____

TELEPHONE NO. _ (202) 307-6560 _____

(category2 pg.wpd - 10/17/02)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BEVERLY NATIONAL BANK , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-11585-GAO |
| | ) | |
| ALVARO NUNES, | ) | |
| JOHN D. AND ANN M. CREEDEN, | ) | |
| MASSACHUSETTS DEPARTMENT | ) | |
| OF REVENUE, | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| DANIEL J. CREEDEN AND | ) | |
| NORMITA SNOW CREEDEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF
<u>CORRECTED SERVICE LIST</u>**

**<u>Attorney for Plaintiff</u>**
Robert L. Marder, Esq.
The Edison Suite L10
85 Exchange Street
Lynn, MA 01901                    (781) 592-8154 / Fax (781) 599-1102

**<u>Attorney for Deft. Alvaro Nunes</u>**
Nicholas P. Vontzalides, Esq.
Ankeles, Harmon, Bonfanti, Durkin,
   Vontzalides & Ambeliotis, LLP
27 Lowell Street
Peabody, MA 01960                 (978) 531-7000 / Fax (978) 532-3597

**<u>Attorney for Deft. John D. Creeden</u>**
David J. Gallagher, Esq.
Regnante, Sterio & Osborne, LLP
Edgewater Office Park
401 Edgewater Place - Suite 630

Wakefield, MA 01880                    (781) 246-2525 / Fax (781) 246-0202

**Attorney for Deft. Mass. Dept of Revenue**
Eileen Ryan McAuliffe, Esq.
Mass. Department of Revenue
Litigation Bureau
P. O. Box 9565
100 Cambridge Street
Boston, MA 02114                    (617) 626-3217 / Fax (617) 626-3245

**Defendant**
**Normita Snow Creeden**
63 Main Street
Essex, MA 01929

**Defendant**
**Daniel J. Creeden**
22 Broadway
Beverly, MA 01915

                                        /s/ Lydia Bottome Turanchik
                                        LYDIA BOTTOME TURANCHIK
                                        Attorney for Defendant
                                          Internal Revenue Service
                                        U.S. Department of Justice
                                        Tax Division/Northern Region
                                        P. O. Box 55
                                        Ben Franklin Station
                                        Washington, D.C.   20044
                                        (202) 307-6560
                                        Lydia.D.Bottome@usdoj.gov

DATED: August 3, 2005

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Beverly National Bank

**DEFENDANTS**

Alvaro Nunes, John D. and Ann M. Creeden, MA Dept. of Revenue, IRS, Daniel J. Creeden, and Normita Snow Creeden

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Essex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Robert L. Marder, 85 Exchange Street, Suite L10, Lynn, MA 01901
(781) 591-8154

Attorneys (If Known)

Lydia Bottome Turanchik, Trial Attorney, United States Department of Justice (for IRS)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. Sections 1442(a)(1), 1444

Brief description of cause:
A civil foreclosure action against the United States.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):
JUDGE _____          DOCKET NUMBER _____

DATE

08/03/2005

SIGNATURE OF ATTORNEY OF RECORD

/s/ Lydia Bottome Turanchik
Digitally signed by Lydia Bottome Turanchik
DN: CN = /s/ Lydia Bottome Turanchik, C = US
Date: 2005.08.03 11:54:42 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.