IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BEVERLY NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-11585-GAO |
| | ) | |
| v. | ) | |
| | ) | |
| ALVARO NUNES, JOHN D. AND ANN M. | ) | |
| CREEDEN, MASSACHUSETTS | ) | |
| DEPARTMENT OF REVENUE, INTERNAL | ) | |
| REVENUE SERVICE, DANIEL J. CREEDEN, | ) | |
| AND NORMITA SNOW CREEDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' ANSWER

Defendant, United States of America, improperly named and sued as "Internal Revenue Service," denies each and every allegation that is not specifically admitted below and otherwise submits the following answer to plaintiff's complaint.

### FIRST DEFENSE

The Internal Revenue Service is not a proper party to the action, and the United States is the proper federal defendant.

### SECOND DEFENSE

For its second defense, the United States replies to the individually numbered paragraphs of the complaint as follows:

1. *The Plaintiff, Beverly National Bank ("Beverly"), is a corporation organized in accordance with law and has a principal place of business at 240 Cabot Street, Beverly Essex County, Massachusetts.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the complaint.

2.      *The Defendant Alvaro Nunes ("Nunes") on information and belief is a resident of 84 Tremont Street, Peabody, Essex County, Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 2 of the complaint.

3.      *The Defendants John D. and Anne M. Creedan on information and belief are residents of 120 Village Post Road, Danvers, Essex County, Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 3 of the complaint.

4.      *The Massachusetts Department of Revenue ("DOR") is organized in accordance with the law and maintains a regular place of operations at 51 Sleeper Street, Boston, Suffolk County, Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 4 of the complaint.

5.      *The Internal Revenue Service ("IRS") is a duly constituted agency of the United States of America and maintains a regular place of operations at 10 Causeway Street, Room 401, Boston, Suffolk County, Massachusetts.*

RESPONSE:   The United States admits the allegations contained in ¶ 5 of the complaint.

6.      *The Defendant Daniel J. Creeden on information and belief is a resident of 22 Broadway, Beverly Essex County, Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 6 of the complaint.

7.      *The Defendant Normita Snow Creeden on information and belief is a resident of 63 Main Street, Essex, Essex County, Massachusetts.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 7 of the complaint.

2

<u>FACTS</u>

8.      *On or about October 15, 1998, the Defendants Daniel J. Creeden and Normita Snow Creeden signed and otherwise executed a Promissory Note ("Note 1") in the principal sum of $60,000.00 in favor of Beverly.*

*That on or about March 31, 2003, they also signed and otherwise executed a Promissory Note ("Note 2") in the principal sum of $10,600.00 likewise in favor of Beverly.*

*To secure repayment of Note 1 and Note 2, they granted Beverly two separate mortgages perfected against property known and otherwise numbered Unit 1, United Merchants Condominium, 284 Cabot Street, Beverly, Essex County ("Mortgaged Premises"). True and accurate copies of the Mortgage(s) recorded with the Essex County (Southern District) Registry of Deeds at Book 15160, Page 345 and Book 20486, Page 219 are attached hereto and collectively marked Exhibit 1.*

RESPONSE:   The United States admits that attached to the complaint as Exhibit 1 are copies of the purported mortgages. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8 of the complaint.

9.      *On or about October 28, 1999, the Defendants Daniel J. Creeden and Normita Snow Creeden Signed and otherwise executed in favor of Beverly, a business Overdraft Protection Agreement ("overdraft") in the principal sum of $5,000.00. All amounts due under the Overdraft were secured by both mortgage by virtue of specific provisions contained in each which provided the instruments also secured all other indebtedness owed by the Defendants to the Bank.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the complaint.

10.     *On or about January 13, 2005, Beverly filed a Complaint with the Land Court under Case No. 304907 seeking to foreclosed its first Mortgage based on a monetary default.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

3

as to the truth of the allegations contained in ¶ 10 of the complaint.

11.      *On or about January 31, 2005, Beverly caused to be served on all parties of record which/who had a lien perfected against the Mortgaged Premises a notice pursuant to G.L. c. 244, §14 indicating its intent to cause the Mortgaged Premises to be sold a public auction in accordance with law on March 23, 2005 at 10:00 a.m.  Notice to the Internal Revenue Service pursuant to 26 U.S.C. §7425 was given on February 22, 2005.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 11 of the complaint.

12.      *On March 8, 2005, Judgment authorizing Foreclosure of the Mortgage issued from the Land Court.  A true and accurate copy of that Judgment is attached hereto and is marked Exhibit 2.*

RESPONSE:    The United States admits that attached to the complaint as Exhibit 2 is a copy of

what purports to be a Judgment Authorizing Foreclosure of the Mortgage from the

Land Court.

13.      *That Beverly engaged the services of Paul Saperstein & Company of Holbrook, a licensed auctioneer, to conduct the sale at public auction and to cause commercial notice(s) of the same to be published inter alia in the Boston Sunday Globe, Boston Sunday Herald, Salem News and the Community News in order to attract the greatest number of persons possible to bid at the sale.  In addition, advertising was done on the auctioneer's web site and separate notices were mailed to potential interested parties maintained in the "historical files" of the auctioneer.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 13 of the complaint.

14.      *That on March 23, 2005, Beverly made Entry upon and Caused the Mortgaged Premises to be sold at public auction to Nikita Paras or his Nominee, 256 Cabot Street, Beverly, for the sum of $196,000,00, the bid being the highest made at the auction.  The bid was subject to approximately $3,534.61 in past due real estate taxes and other municipal charges assessed against the Mortgaged Premises as well as $1,449.29 in past due fees and assessments due the Trustees of United Merchants Condominium.  A copy of the Entry is attached hereto and is marked*

*Exhibit 3.*

RESPONSE:   The United States admits that attached to the complaint as Exhibit 3 is a purported

copy of an Entry.  The United States is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

¶ 14 of the complaint.

15.     *On April 26, 2005, Beverly delivered a Foreclosure Deed in the form attached
hereto and marked Exhibit 4 whereby title to the Mortgaged Premises was
transferred to George and Panagiota Paras, the Nominee of Nikita Paras.*

RESPONSE:   The United States admits that attached to the complaint as Exhibit 4 is a copy of

what purports to be a Foreclosure Deed.  It is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

¶ 15 of the complaint.

16.     *Effective on the date the Foreclosure Deed was delivered to the high bidder,
Beverly was owned $70,112.70 under Notes 1, 2, and the Overdraft calculated as
follows:*

|   |   |   |
|---|---|---|
| *Note 1* | - | *$54,380.47* |
| *Note 2* | - | *10,501.81* |
| *Overdraft* | - | *5,230.42* |
| *TOTAL:* | - | *$70.,112.70* |

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 16 of the complaint.

17.     *In addition, Beverly has also incurred $21,463.49 in fees, expenses and costs
calculated as follows:*

|   |   |   |
|---|---|---|
| *Auctioneer* | - | *$10,346.00* |
| *Mortgagee's Sale of Real Estate Advertisement* | - | *1,584.00* |
| *Appraisal* | - | *1,450.00* |
| *Legal Fees/Costs* | | *8,083.49* |

5

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 17 of the complaint.

18.    *After satisfaction of all sums owed to it as itemized in ¶¶16-17, Beverly has possession of $104,423.81 ("Excess Proceeds") available for payment to holders of lien(s) subordinate to the Mortgage.*

   *The same is calculated as follows:*

   *Highest Bid*           -  *$196,000.00*

   *Amount Due Beverly*     -   *91,576.19*

   ***Excess***             -   *104,423.81*

   *The amount of Excess Proceeds is exclusive of on-going legal fees and costs associated with maintenance of this action.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 18 of the complaint.  By way of

further answer, the United States asserts that the plaintiff's legal fees and costs

associated with this action should not be paid from the surplus funds to the extent

those funds are owed to the United States.

## NATURE OF CONTROVERSY

19.    *Effective thirty (30) days in advance of the date of the Foreclosure Sale of the Mortgaged Premises, the following Liens were recorded at the Essex County (Southern District) Registry of Deeds and were deemed encumbrances perfected against the Property:*

   a.    *Mortgage in favor of Alvar[o] Nunes dated April 8, 2004 to secure $55,000.00 as recorded in Book 22640, Page 464.  A copy of the Mortgage is attached hereto and is marked Exhibit 5;*

RESPONSE:  The United States admits that attached to the complaint as Exhibit 5 is a purported

copy of the Mortgage in favor of Alvaro Nunes .  The United States is without

6

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 19 (a) of the complaint.

     b.     *Mortgage to John D. And Anne M. Creeden dated November 3, 2003 to secure $114,000.00 as recorded in Book 22027, page 242. That Mortgage was subordinated to the Mortgage in favor of Nunes by instrument recorded with said Registry at Book 22640, Page 462. A copy of the Mortgage is attached hereto and is marked Exhibit 6;*

RESPONSE:   The United States admits that attached to the complaint as Exhibit 6 is a purported

copy of the subordinated Mortgage in favor of Nunes. The United States is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 19 (b) of the complaint.

     c.     *Three (3) Massachusetts Tax Liens in favor of the Department of Revenue. One in the sum of $22,078.24 recorded at said Registry at Book 23405, Page 156; one in the sum of $22,688.45 recorded at Book 23786, Page 185 and one in the sum of $599.19 recorded at Book 23786, Page 196. Copies of Notices of Lien are attached hereto and are collectively marked Exhibit 7. There appears to be repetition of certain amounts on the first two (2) Notices of Tax Lien referenced above;*

RESPONSE:   The United States admits that attached to the complaint as Exhibit 7 are purported

copies of the Massachusetts' Notices of Lien. The United States is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in ¶ 19 (c) of the complaint, except that it avers

that the Massachusetts Department of Revenue filed a Notice of Disclaimer in the

state court action before its removal to the district court.

     d.     *Notice of Federal Tax lien in favor of the Internal Revenue Service dated January 28, 2005 in the sum of $16,734.81 as recorded in book 23929, Page 302. A copy of the Tax Lien is attached hereto and is marked Exhibit 8.*

RESPONSE:   The United States admits the allegations contained in ¶ 19(d) of the complaint.

20.   *On information and belief, an actual controversy exists between certain Defendants regarding priority to the Excess Proceeds based on those lien(s) recorded in their favor as more particularly set forth in ¶19 above.*

RESPONSE:   The United States admits that there appears to be a lien-priority controversy

among the named defendants.

21.   *By reasons of those conflicting assertions more particularly referenced in ¶20, Beverly is in great doubt as to which Defendant is entitled to either the entire amount of or a portion of the Excess Proceeds derived from a sale of the Mortgaged Premises.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 21 of the complaint.


WHEREFORE, the United States requests (1) that the plaintiff be ordered to deposit all

of the surplus funds with the Court; (2) that its interests be paid pursuant to the priority

determined by this Court with respect to the surplus funds; (3) that the plaintiff's request for

8

payment of its costs and fees from the surplus fund be denied to the extent those funds are owed

to the United States; and (4) such other relief as this Court deems just and proper.

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

_8/12/05 - Lydia Bottome Turanchik_

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

9

Service List

Robert L. Marder, Esq.
The Edison Suite L10
85 Exchange Street
Lynn, MA 01901

Nicholas P. Vontzalides, Esq.
Ankeles, Harmon, Bonfanti, Durkin,
    Vontzalides & Ambeliotis, LLP
27 Lowell Street
Peabody, MA 01960

David J. Gallagher, Esq.
Regnante, Sterio & Osborne, LLP
Edgewater Office Park
401 Edgewater Place - Suite 630
Wakefield, MA 01880

Normita Snow Creeden
63 Main Street
Essex, MA 01929

Daniel J. Creeden
22 Broadway Street
Beverly, MA 01915