IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BEVERLY NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 05-11585-GAO |
| | ) | |
| v. | ) | |
| | ) | |
| ALVARO NUNES, JOHN D. AND ANN M. | ) | |
| CREEDEN, MASSACHUSETTS | ) | |
| DEPARTMENT OF REVENUE, INTERNAL | ) | |
| REVENUE SERVICE, DANIEL J. CREEDEN, | ) | |
| AND NORMITA SNOW CREEDEN, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE TO COURT OF DEFENDANT DANIEL CREEDEN'S BANKRUPTCY
FILING AND REQUEST THAT THE DECEMBER 13, 2005 SCHEDULING CONFERENCE
BE CONTINUED UNTIL AFTER THE AUTOMATIC STAY PROVISIONS
HAVE BEEN MODIFIED BY THE BANKRUPTCY COURT

This interpleader action was filed by plaintiff Beverly National Bank in Essex Superior

Court on May 12, 2005 and removed to this Court by the United States on or about August 28,

2005. At issue is approximately $104,000.00 in surplus proceeds stemming from the foreclosure

and sale of real property owned by defendants Daniel and Normita Creeden. Defendants Alvaro

Nunes, John and Ann Creeden, the Massachusetts Department of Revenue, and the United States

each claim an interest in these proceeds by virtue of claims against Daniel Creeden's property

and/or his rights to property.

On or about December 5, 2005, counsel for defendants John and Ann Creeden was

notified that Daniel Creeden had filed a Chapter 7 bankruptcy petition with the United States

Bankruptcy Court in Massachusetts. Counsel for defendants John and Ann Creeden notified

counsel for the United States of this fact on December 5, 2005, and counsel for the United States

1452326.1

verified the accuracy of this statement with a check of the bankruptcy court's Pacer system

(Bankruptcy No. 05-19928).

Section 362(a)(1) of the Bankruptcy Code (Title 11) provides, *inter alia*, that the filing of

a bankruptcy petition operates as a stay with respect to the continuation of an action or

proceeding against a debtor to recover a claim against that debtor which arose before the

commencement of the bankruptcy proceeding.  <u>See</u> 11 U.S.C. § 363(a)(1).  Because all of the

claims against debtor Daniel Creeden arose prior to the October 5, 2005 filing of the bankruptcy

petition, the provisions of 11 U.S.C. § 362 preclude the continuation of this proceeding unless

and until the automatic stay is modified in the underlying bankruptcy petition.  After a review of

the bankruptcy petition, counsel for the United States will move the bankruptcy court to modify

the automatic stay so that this proceeding may continue, as it does not appear that Mr. Creeden

will have an interest in the surplus funds.

1452326.1

Therefore, the United States requests that the scheduling conference scheduled for

December 13, 2005 be continued to a date after the automatic stay has been modified.*

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

_____

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


_____
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

_____

\* Counsel for the United States will notify this Court of the bankruptcy court's action
regarding any motion to lift the automatic stay once that order is issued.

1452326.1

Service List

Nicholas P. Vontzalides, Esq.
Ankeles, Harmon, Bonfanti, Durkin,
   Vontzalides & Ambeliotis, LLP
27 Lowell Street
Peabody, MA 01960

David J. Gallagher, Esq.
Regnante, Sterio & Osborne, LLP
Edgewater Office Park
401 Edgewater Place - Suite 630
Wakefield, MA 01880

Normita Snow Creeden
63 Main Street
Essex, MA 01929

Daniel J. Creeden
22 Broadway Street
Beverly, MA 01915